WILLIAM G. GRAFER et al., Appellants, v. MARKO BEER & BEVERAGES, INC., Defendant and Third-Party Plaintiff; PABST BLUE RIBBON, Respondent, et al., Third-Party Defendants.

Second Department, April 19, 1971.

*Seymour Greenblatt* for appellants.

*Martin Rosenblum (Michael M. Platzman* of counsel), for respondent.

LATHAM, J. The plaintiffs appeal from an order of the Special Term, Orange County, granting defendant Pabst permission to serve an amended answer which sets forth an affirmative defense and counterclaim.

Plaintiff Carole J. Grafer seeks damages from defendant Pabst for personal injuries sustained when a bottle of beer bottled by Pabst allegedly exploded in her hand in May, 1966. The affidavit in support of the motion to amend the answer alleges that about two or three months after the accident the fragments of the bottle were inadvertently disposed of by a domestic employed by the plaintiffs' attorney. Although the plaintiffs contend that an adjuster for Pabst's insurance carrier was notified in September, 1966 of the accidental disposal of the fragments, the brewery's counsel asserts that he first learned of such loss at an examination before trial in September, 1970.

The gist of the affirmative defense and counterclaim interposed by Pabst in its amended answer is that each beer bottle contains a marking which identifies its manufacturer; that, as a result of the negligence of the plaintiffs or their agents in disposing of the fragments and not recording the identification of such manufacturer, Pabst is unable to ascertain the manufacturer's identity; and that Pabst is therefore prevented from seeking indemnification from the unknown manufacturer.

In my opinion, the granting of permission to Pabst to interpose such an amended pleading was error. As an affirmative defense, the subject pleading is fatally defective since it is not responsive to the causes of action alleged in the complaint (*Aull* v. *Missouri Pacific Ry. Co.*, 136 Mo. App. 291); and, as a counterclaim, it must fall since it patently fails to state a cause of action (5 Carmody-Wait 2d, New York Practice, § 31:9; cf. *Mehlsak* v. *Mehlsak*, 81 N. Y. S. 2d 690). While ordinarily leave to serve an amended pleading should be freely given (CPLR 3025, subd. [b]), where the insufficiency of the proposed pleading is clear and free from doubt permission to serve it should be denied as a matter of law (*Keller* v. *Greyhound Corp.*, 41 Misc 2d 255; cf. *Stanford* v. *Cayuga Linen & Cotton Mills*, 255 App. Div. 928).

I know of no theory of law under which it could be held that the plaintiffs owed a duty to Pabst to preserve the fragments of the broken bottle. For an act or omission to constitute a tort there must exist a right and a duty and conduct constituting a breach of duty or a violation of a right. The absence of legal injury is fatal to the existence of a tort (86 C. J. S., Torts, § 14).

The only conceivable theory in tort which Pabst might advance is that the plaintiffs obstructed or interfered with its enforcement of a legal right against a third person. However, while one

who impedes or obstructs another in the enforcement of a fixed and ascertained right against a third person may be held responsible for the injury thus occasioned, there is no cause of action if no existing right has been violated (86 C. J. S., Torts, § 45). The plaintiffs took no affirmative or deliberate steps to obstruct Pabst with respect to any legal remedies it might have against the manufacturer; nor did they have any duty toward the brewery to use due care to preserve the fragments.

The order granting Pabst permission to serve the amended answer should be reversed, with $20 costs and disbursements, and the motion for such permission denied.

RABIN, P. J., HOPKINS, MUNDER and MARTUSCELLO, JJ., concur.

Order reversed, with $20 costs and disbursements, and motion denied.