■ ROSE M. STAINES et al., Respondents, v NASSAU QUEENS MEDICAL GROUP et al., Appellants, et al., Defendants.—In an action to recover damages for medical malpractice, the defendants Nassau Queens Medical Group, Alexander Frocht, Stanley Solomon, Taghi Meshkati, Armando Deschamps, Leonard Benedict and Henry Leonard appeal from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated January 19, 1990, as granted the plaintiffs' cross motion to amend their complaint and bill of particulars so as to enlarge the time period during which the alleged acts of malpractice occurred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

Although leave to amend a pleading is generally liberally granted *(see, Barbour v Hospital for Special Surgery,* 169 AD2d 385; *Hauptman v New York City Health & Hosps. Corp.,* 162 AD2d 588; *Matter of Department of Social Servs. v Jay W.,* 105 AD2d 19), if the proposed amendment is patently lacking in merit or its lack of merit is "clear and free from doubt", it will not be permitted and leave should be denied as a matter of law *(see, Hauptman v New York City Health & Hosps. Corp., supra; Norman v Ferrara,* 107 AD2d 739; *Grafer v Marko Beer & Beverages,* 36 AD2d 295). Moreover, although as a general rule the legal sufficiency or merit of the proposed amendment is not examined on a motion to amend *(see, Fisher v Carter Indus.,* 127 AD2d 817; *Sentry Ins. Co. v Kero-Sun, Inc.,* 122 AD2d 204, 205; *Norman v Ferrara,*

*supra)* the weight of authority provides that where a *substantial* question is raised as to the meritoriousness of a proposed amendment to a pleading, the court should resolve the question at the threshold in order to obviate the possibility of needless time-consuming litigation *(see, Crimmins Contr. Co. v City of New York,* 138 AD2d 138, *affd* 74 NY2d 166; *DeGuire v DeGuire,* 125 AD2d 360; *Andersen v University of Rochester,* 91 AD2d 851).

The amendment sought by the plaintiffs would lead to the inclusion of alleged acts of malpractice which occurred, if at all, more than two-and-one-half years prior to the commencement of this action *(see,* CPLR 214-a). Therefore, the proposed amended claims are time-barred. Moreover, as the plaintiff never presented herself to the respondents with any complaints related to her breast cancer, her intervening visits to the respondents for treatment of other conditions cannot serve as a predicate for the application of the continuing treatment doctrine to toll the running of the Statute of Limitations *(see, Nykorchuck v Henriques,* 78 NY2d 255). Accordingly, as the Statute of Limitations bars the interposition of the allegations of malpractice which were the subject of the plaintiffs' proposed amendment, the plaintiffs' application for leave to serve an amended complaint should have been denied *(see, Downes v Peluso,* 115 AD2d 454; *Twitchell v Town of Pittsford,* 78 AD2d 586).

In light of our determination we need not reach the other allegations of error. Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.