■ DENISE KAPLANSKY, Respondent, v STEVEN KAPLANSKY, Appellant. [622 NYS2d 766] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered August 2, 1993, as denied his motion to direct the parties and their children to submit to psychiatric, psychological, and forensic evaluations, and (2) so much of an order of the same court, entered August 4, 1993, as denied his motion for leave to serve an amended answer and counterclaim pursuant to CPLR 3025 (b) and determined that he had executed, consented to, and ratified an agreement between the parties, dated December 15, 1987.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The parties to this action entered into an agreement dated December 15, 1987, which, *inter alia,* provided for child custody and support. The agreement bears the defendant's signature and was signed and acknowledged by the defendant on December 15, 1987, before a Notary Public of the State of New York. The defendant's proposed amended answer and counterclaim alleged, among other things, that the agreement was void because he did not sign it on December 15, 1987.

The court properly denied the defendant's application for leave to amend his pleading since the proposed amendment lacks merit. While leave to amend under CPLR 3025 (b) "shall

be freely given upon such terms as may be just", leave should be denied if the proposed amendment is "patently lacking in merit" or its lack of merit is "clear and free from doubt" *(Staines v Nassau Queens Med. Group,* 176 AD2d 718, citing *Hauptman v New York City Health & Hosps. Corp.,* 162 AD2d 588; *Norman v Ferrara,* 107 AD2d 739; *Grafer v Marko Beer & Beverages,* 36 AD2d 295). In the instant case, the defendant's signature and acknowledgment appears on the agreement. Moreover, there is evidence that the defendant complied with the terms of the agreement and accepted its benefits. Accordingly, even if due execution had not been proven, we would have found that he ratified the agreement *(see, Amestoy v Amestoy,* 151 AD2d 709, 710, citing *Beutel v Beutel,* 55 NY2d 957; *Melchiorre v Melchiorre,* 142 AD2d 558; *DeGuire v De-Guire,* 125 AD2d 360; *Bettino v Bettino,* 112 AD2d 181).

Further, under the facts of this case, where there is no discernable legitimate purpose for court-ordered forensic evaluations, the court did not improvidently exercise its discretion in denying the defendant's request for the tests *(see, Burgel v Burgel,* 141 AD2d 215, 218). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.