■ Barbara Skinner et al., Appellants, v Faithe A. Scobbo et al., Respondents. [633 NYS2d 208] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Yachnin, J.), dated June 23, 1994, which granted the defendants' motion for leave to serve an amended answer.

Ordered that the order is affirmed, with costs.

In 1992, the plaintiffs, alleging, inter alia, that their car was struck by a car being driven by the defendant Francis Scobbo, commenced this action to recover damages for personal injuries. The defendant Faithe Scobbo is the alleged owner of the vehicle. In 1994, after discovery had been completed and a note of issue filed, the defendants moved for leave to amend their answer to allege that Francis Scobbo, at the time of the alleged accident, was a volunteer firefighter responding to a fire call. Thus, they argued, General Municipal Law § 205-b

was applicable. It provides: "Members of duly organized volunteer fire companies in this state shall not be liable civilly for any act or acts done by them in the performance of their duty as volunteer firefighters, except for wilful negligence or malfeasance * * * [F]ire districts created pursuant to law shall be liable for the negligence of volunteer firefighters duly appointed to serve therein". The court granted the defendants' motion for leave to amend their answer. The plaintiffs now appeal.

It is well established that, absent prejudice or surprise to the opposing party, leave to amend a pleading is to be freely given upon such terms as are just (see, CPLR 3025 [b]; *Girardin v Town of Hempstead,* 209 AD2d 668). The granting of such leave is committed to the sound discretion of the trial court and must be determined on a case-by-case basis (see, *Mayers v D'Agostino,* 58 NY2d 696). Here, the plaintiffs argue that the court improvidently exercised its discretion for several reasons.

First, the plaintiffs argue, because Francis Scobbo was driving a private vehicle at the time of the alleged accident, General Municipal Law § 205-b does not apply. Thus, they argue, the proposed amendment should have been denied as being devoid of merit (see, *Brown v Samalin & Bock,* 155 AD2d 407). However, the use of a private vehicle does not vitiate the application of General Municipal Law § 205-b (see, *Thomas v Consolidated Fire Dist. No. 1,* 50 NY2d 143).

Further, the plaintiffs argue, they were prejudiced by the amendment because they now must prove wilful negligence or malfeasance rather than "ordinary" negligence, and because the practical effect of the amended answer was to shorten the Statute of Limitations period against the relevant fire district to six months, the time remaining to commence suit against the district when the amendment was granted. As to the first component of this claim, the prejudice alleged (the heightened proof requirement) did not arise from the delay; it is occasioned by an act of the Legislature and thus it would not be a ground to deny the amendment (see, *Wyso v City of New York,* 91 AD2d 661). Concerning the second component, the plaintiffs have failed to indicate how they were prejudiced by having only six months remaining on the Statute of Limitations (e.g., the plaintiffs do not allege that they were unable to effect timely service upon the relevant fire district or that witnesses, evidence, etc., were lost due to the delay). Moreover, any claim of prejudice must be balanced against the fact that the plaintiffs knew from both the police report of the incident and Francis Scobbo's deposition testimony that Scobbo had asserted that he

was a volunteer firefighter en route to a fire at the time of the alleged accident *(see, Barker v Goode,* 85 AD2d 922).

Finally, although the defendants, without reasonable excuse, delayed two years before seeking the amendment at issue, the delay was neither prejudicial nor so gross as to warrant denial of the motion on that basis alone *(see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18; *Pellegrino v New York City Tr. Auth.,* 177 AD2d 554; *Kalish v Manhasset Med. Ctr. Hosp.,* 100 AD2d 507; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.15; Siegel Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C:3025:5, at 356). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.