■ VALERIE MARAZZO, Respondent, v RALPH MARAZZO, Defendant, and FHB FUNDING CORP. et al., Appellants. (And a Third-Party Action.) [651 NYS2d 319] —In an action, *inter alia,* for a judgment declaring a quitclaim deed from the plaintiff to the defendant Ralph Marazzo fraudulent and void, the defendants FHB Funding Corp. and Delta Funding Corporation appeal from (1) an order of the Supreme Court, Nassau County (Lockman, J.), entered December 6, 1995, which denied their motion to amend their answer and (2) so much of an order of the same court, entered March 1, 1996 as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered December 6, 1995, is dismissed, as that order was superseded by the order dated March 1, 1996, made upon reargument; and it is further,

Ordered that the order entered March 1, 1996 is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

"In determining whether to grant leave to amend a pleading, a court must examine the underlying merit of the causes of action asserted therein, since to do otherwise would be wasteful of judicial resources" *(McKiernan v McKiernan,* 207 AD2d 825; *see also, Wieder v Skala,* 168 AD2d 355). Where "the proposed amendment is 'patently lacking in merit' or its lack of merit is 'clear and free from doubt' ", it will not be permitted and leave should be denied as a matter of law *(Kaplansky v Kaplansky,* 212 AD2d 667, 668, quoting *Staines v Nassau Queens Med. Group,* 176 AD2d 718; *McKiernan v McKiernan, supra,* at 825; *Mathiesen v Mead,* 168 AD2d 736).

The proposed amendments pursuant to Debtor and Creditor Law §§ 275 and 276 are patently lacking in merit. Consequently, the Supreme Court did not improvidently exercise its discretion in denying the motion for leave to amend *(see, Kaplansky v Kaplansky, supra).*

The appellants' remaining contention is without merit. Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.