■ RALPH PARISI, Respondent, v JOHN L. LEPPARD et al., Appellants. [655 NYS2d 546] —In an action *inter alia*, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Roberto, J.), entered March 4, 1996, which denied their motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion to amend the complaint so as to include two additional causes of action.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Julia Freund, Teresa Tortora, and Lucille Jacobs, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof which granted the branch of the plaintiff's cross motion which was for leave to amend the complaint to add a sixth cause of action, and substituting therefor a provision denying that branch of the cross motion; as so modified the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erroneously denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it was asserted against the defendants Julia Freund, Teresa Tortora, and Lucille Jacobs. The determination of a motion for summary judgment cannot

be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence (*see, Auerbach v Bennett*, 47 NY2d 619; *Carrington v City of New York*, 201 AD2d 525). Here, the plaintiff speculates that since the defendants Freund, Tortora, and Jacobs simultaneously departed from employment with Plainview Orthopedics & Sports Associates (hereinafter "POSA"), they must have created the defendant Orthopedics and Sports Associates of Long Island using POSA's trade secrets. "Speculation as to what might be produced if discovery were to be had is not enough to defeat a motion for summary judgment" (*Carrington v City of New York, supra*, at 527; *see also, Zuckerman v City of New York*, 49 NY2d 557, 562), and therefore, these defendants are entitled to summary judgment dismissing the complaint insofar as asserted against them.

Moreover, the Supreme Court erroneously granted the plaintiff's cross motion for leave to serve an amended complaint to assert a cause of action for a judgment declaring that pursuant to his employment agreement he was entitled to 50% of the accounts receivable of the defendant Plainview Orthopedics & Sports Associates. While CPLR 3025 (b) provides that leave to amend "shall be freely given upon such terms as may be just", if the proposed amendment is "patently lacking in merit or its lack of merit is 'clear and free from doubt', it will not be permitted and leave should be denied as a matter of law" (*Staines v Nassau Queens Med. Group*, 176 AD2d 718, citing *Hauptman v New York City Health & Hosps. Corp.*, 162 AD2d 588; *see, Norman v Ferrara*, 107 AD2d 739; *Grafer v Marko Beer & Beverages*, 36 AD2d 295). The subject agreement unequivocally provides that its terms would continue past its July 31, 1991, expiration date only if one of several delineated methods of renewal were undertaken. As none of these methods was used to renew it, the agreement and the plaintiff's right to the benefits afforded by it expired. Since the court could not declare that the plaintiff is currently entitled to receive the benefits conferred by the expired agreement, the plaintiff's proposed sixth cause of action is "patently lacking in merit".

The defendants' remaining contentions are without merit. Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.