Charles KOCH, et al., Plaintiffs,

v.

**SHELL OIL COMPANY,
et al., Defendants.**

No. 92–4239–DES.

United States District Court,
D. Kansas.

March 26, 1997.

Robert V. Eye, Irigonegaray & Associates, Topeka, KS, Ronald R. Hein, Stephen P. Weir, Hein & Weir, Chartered, Topeka, KS, for Charles Koch.

Stephen P. Weir, Hein & Weir, Chartered, Topeka, KS, for Nancy Koch, Tim Koch, David Koch, Michael Koch, Jennifer Koch.

Hal D. Meltzer, Gregory N. Pottorff, Turner & Boisseau, Chartered, Overland Park, KS, for Shell Oil Company.

James P. Nordstrom, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Feed Specialties Co., Inc.

Edward L. Keeley, Jerome E. Jones, William R. Smith, Hershberger, Patterson, Jones & Roth, Wichita, KS, for Occidental Chemical Corporation.

## MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on plaintiffs' Motion to Compel Discovery. (Doc. 218.) Plaintiffs seek an order compelling defendants Feed Specialties Co., Inc. ("Feed Specialties") and Shell Oil Company ("Shell") to produce all documents related to their requirements for label warnings and changes to warning labels throughout the period of their manufacture of the chemical commonly known as Rabon.

Defendants object to this request on the grounds that all warning and labeling claims have been removed from the case and therefore, the information sought is irrelevant. They argue that although the plaintiffs' complaint alleges that the defendants failed to warn the plaintiffs of known hazards associated with the use of the product, the plaintiffs have withdrawn and specifically excepted from their complaint any failure to warn claims which are pre-empted by the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"). The defendants contend that all state common-law claims for failure to warn have been pre-empted by FIFRA and that the plaintiffs' therefore, cannot state a cognizable claim for failure to warn. While the parties take a differing view of whether the plaintiffs have withdrawn all failure to warn claims, the issue squarely before the court is whether FIFRA pre-exempts all state common-law claims for failure to warn involving products within the coverage of FIFRA.

The scope of discovery permitted under Fed.R.Civ.P. 26(b)(1) is as follows:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking dis-

covery or to the claim or defense of any other party, ... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

█ Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or *may* be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D.Kan. 1991).

Plaintiffs rely on the recent United States Supreme Court decision in *Medtronic v. Lohr,* —— U.S. ——, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996), wherein the Court considered whether the Medical Device Amendments of 1976 pre–empted a state common-law negligence claim against the manufacturer of an allegedly defective medical device for failure to warn of an allegedly known tendency of a pacemaker to fail. The Court there found that the MDA did not pre–empt the common–law duty to warn prospective purchasers of potentially dangerous items of the known risks associated with such items' use. *Id.*

The defendants rely on *Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.,* 981 F.2d 1177 (10th Cir.1993), *cert. denied,* 510 U.S. 813, 114 S.Ct. 60, 126 L.Ed.2d 30 (1993) (*"Arkansas–Platte II "*) (adhering to the opinion previously rendered in *Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.,* 959 F.2d 158 (10th Cir. 1992)) (*cert. granted judgment vacated and case remanded,* 506 U.S. 910, 113 S.Ct. 314, 121 L.Ed.2d 235 (1992)) (*"Arkansas–Platte I "*), in which the Tenth Circuit found that the common-law claims which require that a manufacturer's labeling and packaging should have included additional, different or alternatively stated warnings from those required under FIFRA, are pre-empted. The Kansas Supreme Court has also found that failure to warn claims are pre-empted under FIFRA. *Jenkins v. Amchem Products, Inc.,* 256 Kan. 602, 886 P.2d 869 (1994).

There is no claim in this case that the warnings on the applicable labels did not meet the requirements of FIFRA. Therefore, the court is confronted with the question of whether a general common-law failure to warn claim can be asserted in this action. Plaintiffs argue the reasoning of *Medtronic* should be applicable and that the court should re-examine the issue of FIFRA pre-emption in this case notwithstanding the clear decisions by the Tenth Circuit Court of Appeals and the Kansas Supreme Court holding that failure to warn claims are pre-empted. Plaintiffs contend, in effect, that neither court had the instruction of *Medtronic* when deciding the issue before the court and urges that the issue should be now decided differently when applying the *Medtronic* reasoning and holding.

█ This court is bound by the holding of the Tenth Circuit Court of Appeals in *Arkansas–Platte II.* The court is also instructed by the holding of the Kansas Supreme Court in *Jenkins.* The court has no reason to believe that either court would have determined the issue differently had that court had the benefit of *Medtronic.* In *Medtronic,* the Court held that the court's interpretation of whether pre-emption is applicable is determined by consideration of two presumptions: first, Congress does not "cavalierly pre-empt state-law causes of action" due to our system of federalism and second, a "fair understanding of congressional purpose." *Id.* at ——, 116 S.Ct. at 2250. The issue becomes congressional intent. This issue was specifically considered and determined by the Tenth Circuit in *Arkansas–Platte I.* This court cannot redetermine the circuit court's construction of congressional intent in this regard. The Tenth Circuit clearly followed the required analysis laid out in *Medtronic.* Only one circuit has considered the pre-emption of FIFRA on failure to warn claims since *Medtronic.* In *Grenier, et al. v. Vermont Log*

**290**

*Buildings, Inc., et al.,* 96 F.3d 559 (1st Cir. 1996), the First Circuit Court of Appeals held that failure to warn claims were pre-empted by FIFRA. The court cited *Medtronic* as controlling law on the determination of whether pre-emption applies in such claims. *Id.* at 562. This court therefore, determines that all common-law failure to warn claims herein are pre-empted by FIFRA and that discovery on issues related to warning labeling would be irrelevant to any cognizable issue in the case and would not lead to the discovery of admissible evidence.

Plaintiffs' Motion to Compel Discovery (doc. 218) is overruled.

IT IS SO ORDERED.