■ MARY L. SHERMAN et al., Appellants, v CLAIRE MANUFACTURING COMPANY, Defendant and Third-Party Plaintiff-Respondent. NEWBURGH ENLARGED SCHOOL DISTRICT, Third-Party Defendant-Respondent. [657 NYS2d 453] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Bellantoni, J.), dated April 16, 1996, which (1) granted the motion of the defendant third-party plaintiff Claire Manufacturing Company for summary judgment dismissing the complaint and the motion of the third-party defendant Newburgh Enlarged School District for summary judgment dismissing the third-party complaint, and (2) denied the plaintiffs' cross motion to amend their complaint.

Ordered that the order is affirmed, with costs.

The Federal Insecticide, Fungicide, and Rodenticide Act (7 USC § 136 *et seq.*) expressly preempted State common-law causes of action which seek to recover damages for injuries allegedly arising as a result of inadequate warning labels on a product (*see, Warner v American Flouride Corp.,* 204 AD2d 1, 3, 13). Therefore, dismissal of the plaintiffs' complaint was appropriate. Contrary to the plaintiffs' contention, the opinion in *Warner v American Flouride Corp. (supra)* is not inconsistent with the opinion of the United States Supreme Court in *Medtronic, Inc. v Lohr* (518 US 470).

Furthermore, while leave to amend a pleading "shall be freely given upon such terms as may be just" (CPLR 3025 [b]), the decision to grant or deny leave to amend a pleading is within the court's discretion (*see, Mayers v D'Agostino,* 58 NY2d 696), and the exercise of such discretion will not be lightly disturbed (*see, Beuschel v Malm,* 114 AD2d 569). On this record, it was not an improvident exercise of discretion for the court to deny leave to amend the complaint.

The plaintiffs' remaining contention is without merit. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.