■ JAMES J. DUFFY, Appellant, v BASS & D'ALLESANDRO, INC., et al., Respondents. (And a Third-Party Action.) [664 NYS2d 833] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated October 17, 1996, as denied his motion to amend the complaint so as to add a cause of action pursuant to Labor Law § 240 (1), and for partial summary judgment thereon.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, James J. Duffy, an employee of subcontractor ALC Enterprises, Inc. (hereinafter ALC), was injured on a worksite owned and being developed by the defendant Costco Wholesale Corporation. ALC had been hired by the defendant general contractor Bass & D'Allesandro, Inc., for the purpose of installing a concrete floor in a new building being erected on the worksite. Prior to the pouring of the concrete, two layers of reinforcing steel bars were installed, each layer constituting a grid. The grids were layered on top of each other and tied together in a criss-cross pattern. The plaintiff, who was carrying reinforcing bars to another area on the work site, was walking on the grids that had already been installed when he tripped and fell after his shoe got caught in one of the grid openings.

The plaintiff commenced this action to recover damages based on negligence and Labor Law § 200. Approximately two years after the filing of the complaint, the plaintiff moved to amend the complaint so as to add a cause of action based on Labor Law § 240 (1), and for summary judgment thereon. The Supreme Court denied the motion on the ground that the proposed Labor Law § 240 claim lacked merit, as the plaintiff's injury was not the result of an elevation-related hazard.

The plaintiff's fall while walking atop a steel grid which was, at most, eight inches above the ground, was not caused by an elevation-related hazard governed by Labor Law § 240 (1) (see, Rocovich v Consolidated Edison Co., 78 NY2d 509). On the contrary, the fall was the "type of 'ordinary and usual' peril a worker is commonly exposed to at a construction site and not an elevation-related risk subject to the safeguards prescribed by Labor Law § 240 (1)" (Misseritti v Mark IV Constr. Co., 86 NY2d 487, 489; Rodriguez v Tietz Ctr. for Nursing Care, 84 NY2d 841; McCague v Walsh Constr., 225 AD2d 530).

Furthermore, while leave to amend a pleading "shall be freely given upon such terms as may be just" (CPLR 3025 [b]), the decision to grant or deny leave to amend a pleading is within the court's discretion (see, Mayers v D'Agostino, 58 NY2d 696), and the exercise of such discretion shall not be lightly disturbed (see, Sherman v Claire Mfg. Co., 239 AD2d 487). Consequently, on this record, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to amend the complaint (see, Marazzo v Marazzo, 234 AD2d 273). Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.