■ GROSS, SHUMAN, BRIZDLE & GILFILLAN, P. C., Respondent, v FRANK R. BAYGER, Appellant. [682 NYS2d 766] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in denying that part of the cross motion of defendant to amend his answer to plead the Statute of Limitations as an affirmative defense. The failure to assert the Statute of Limitations in a motion to dismiss or in

the answer constitutes a waiver of that affirmative defense (*see,* CPLR 3211 [e]; *Matter of Augenblick v Town of Cortlandt,* 66 NY2d 775, 777, *rearg denied* 67 NY2d 647; *Itzkowitz v Town Bd.,* 139 AD2d 932). Although leave to amend a pleading should be liberally granted in the absence of surprise or prejudice (*see, Olean Urban Renewal Agency v Herman,* 101 AD2d 712, 713), where, as here, there has been a lengthy, unexplained delay in asserting the defense and the facts underlying the defense were known to defendant at the inception of the action, we cannot conclude that the court abused its discretion in denying the motion (*see, Rose v Velletri,* 202 AD2d 566, 567).

The court properly denied that part of the cross motion of defendant seeking summary judgment dismissing the complaint on the ground that he did not breach the agreement. Defendant did not carry his burden of establishing that his construction of the agreement " 'is the only construction which can fairly be placed thereon' " (*Utica Carting, Stor. & Contr. Co. v World Fire & Mar. Ins. Co.,* 277 App Div 483, 488, quoted in *Dowdle v Richards,* 2 AD2d 486, 489; *see also, St. Mary v Paul Smith's Coll. of Arts & Sciences,* 247 AD2d 859). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.