380

■ RELIANCE FEDERAL SAVINGS BANK, Successor in Interest to SUNRISE FEDERAL SAVINGS BANK, Formerly Known as SUNRISE FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v LAURIE ALTMAN as Trustee of the JUDITH EIDELKIND TRUST, et al., Appellants, et al., Defendants. [702 NYS2d 860] —In an action to foreclose a mortgage, the defendants Laurie Altman, as Trustee of the Judith Eidelkind Trust, and the Trustees of the Judith Eidelkind Trust, appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), dated June 23, 1999, which granted the plaintiff's motion for summary judgment and denied their cross motion, *inter alia*, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that this action was timely commenced. The loan documents provided that the acceleration of the mortgage debt was at the option of the mortgagee. The recovery of installments due within six years of the commencement of the instant action was not time-barred (*see, Loiacono v Goldberg,* 240 AD2d 476; *Pagano v Smith,* 201 AD2d 632, 633).

The appellants' remaining contentions are without merit. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.

■ MICHAEL SCHATZ, Appellant, v ST. PAUL FIRE & MARINE INSURANCE COMPANY, Respondent. [702 NYS2d 855] —In a declaratory judgment action, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Goldstein, J.), dated November 5, 1998, which granted the defendant's motion for summary judgment and declared that it had no duty to indemnify the plaintiff in an underlying personal injury action.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendant's motion for summary judgment. The grant of summary judgment was not premature since the plaintiff failed to demonstrate that further discovery would uncover any triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Parisi v Leppard,* 237 AD2d 419; *Carrington v City of New York,* 201 AD2d 525, 527). Moreover, the evidence submitted by the defendant demonstrated a lack of coverage for which no prompt disclaimer was required (*see, Handelsman v Sea Ins. Co.,* 85 NY2d 96, 99; *Zappone v Home Ins. Co.,* 55 NY2d 131, 132).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.