■ ALONZO HENDERSON et al., Appellants, v RAJAN GULATI et al., Respondents, et al., Defendant. [705 NYS2d 54] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated March 8, 1999, which granted the motion of the defendants Rajan Gulati and Alexander Gapay for leave to amend their answer to assert the affirmative defense of the Statute of Limitations, and for partial summary judgment dismissing as time-barred all claims predicated upon treatment rendered by those defendants to the plaintiff Alonzo Henderson in 1993 and 1995.

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion which was for partial summary judgment dismissing the malpractice claims predicated upon the treatment rendered by the defendant Alexander Gapay to the plaintiff Alonzo Henderson in September 1995, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In 1993 the plaintiff Alonzo Henderson was treated at the facility of the defendant Middletown Medical, P. C. (hereinafter Middletown Medical), by the defendant doctors Rajan Gulati and Alexander Gapay. The plaintiff returned to Middletown Medical approximately two years later in September 1995 and was treated only by Gapay. Approximately 18 months later, the plaintiff again returned to Middletown Medical, where he was seen by both Gapay and Gulati. On or about February 12, 1998, the plaintiffs commenced this medical malpractice action against the defendants. In their complaint, they alleged, among other things, that the defendants failed to timely and properly diagnose a brain tumor. In December 1998 Gapay and Gulati moved for leave to amend their previously-interposed answer to assert the affirmative defense of the Statute of Limitations, and for partial summary judgment dismissing all claims arising from treatment rendered in 1993 and 1995, as time-barred.

Leave to amend a pleading shall be "freely given" in the absence of surprise or prejudice (CPLR 3025 [b]; *see, Fahey v County of Ontario,* 44 NY2d 934; *Gross, Shuman, Brizdle & Gilfillan v Bayger,* 256 AD2d 1187; *Faracy v McGraw Edison Corp.,* 229 AD2d 463; *Skinner v Scobbo,* 221 AD2d 334). It is also well settled that "[t]he granting of such leave [to amend] is committed to the sound discretion of the trial court" and that the exercise of such discretion will not be lightly disturbed (*Skinner v Scobbo, supra,* at 335; *see, Sherman v Claire Mfg. Co.,* 239 AD2d 487). Inasmuch as the plaintiffs failed to demonstrate either surprise or prejudice, the court providently exercised its discretion by permitting Gulati and Gapay to amend their answer to assert the affirmative defense of the Statute of Limitations.

The court also properly granted partial summary judgment to Gapay and Gulati with respect to any claim predicated upon treatment rendered in 1993 since these claims were time-barred when the action was commenced, and the plaintiffs failed to establish that there was a continuous course of treatment so as to toll the Statute of Limitations (*see,* CPLR 214-a; *Rizk v Cohen,* 73 NY2d 98, 105; *Curcio v Ippolito,* 63 NY2d 967; *Hall v Luthra,* 206 AD2d 890; *Cizek v Bassett Hosp.,* 176 AD2d 1035). However, the court improperly dismissed as time-barred those malpractice claims against Gapay which were predicated upon the treatment rendered by him in September 1995. Since these claims against Gapay were timely asserted when the action was commenced on or about February 12, 1998, they were not precluded by the applicable Statute of Limitations (*see,* CPLR 214-a). Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.