■ CAPSTONE ENTERPRISES OF PORT CHESTER, INC., Respondent, v COUNTY OF WESTCHESTER, Appellant. [708 NYS2d 418] —In an action to recover damages for breach of contract, the defendant appeals from (1) a decision of the Supreme Court, Westchester County (DiBlasi, J.), dated November 30, 1999, and (2) an order of the same court dated December 3, 1999, which denied its motion for leave to amend the answer.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

While leave to amend a pleading "shall be freely given upon such terms as may be just" (CPLR 3025 [b]), the determination

as to whether or not to grant or deny leave to amend a pleading is within the trial court's discretion (see, Mayers v D'Agostino, 58 NY2d 696), and the exercise of such discretion shall not be lightly disturbed (see, Sherman v Claire Mfg. Co., 239 AD2d 487). Here, the defendant moved for leave to amend its answer only one month before the trial was scheduled to start, and it failed to demonstrate adequately why it could not have sought this relief sooner. In light of these factors and the obvious prejudice to the plaintiff, the Supreme Court providently exercised its discretion in denying the defendant's motion (see, Duffy v Bass & D'Allesandro, 245 AD2d 333; Marazzo v Marazzo, 234 AD2d 273; Wilson v Haagen-Dazs Co., 215 AD2d 338). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.