OPINION OF THE COURT
Ariel E. Belen, J.
Plaintiff Shlomie Brociner (plaintiff) moves by order to show *790 cause for an order granting him leave to. amend his complaint to assert a claim against nonparty State Farm Mutual Automobile Insurance Company (State Farm). Upon such leave being granted, plaintiff seeks an order extending his time to file a note of issue.
The instant action arises out of a one-vehicle accident that occurred on October 8, 1997 in Kings County. The vehicle was owned by defendant Robert Mann (Mann) and driven by defendant Abraham Lieberman (Lieberman) (collectively defendants). Plaintiff was a passenger in the subject vehicle and sustained various injuries as a result of the accident. At the time of the accident, the vehicle was insured under a policy issued by State Farm. However, State Farm disclaimed coverage under the policy and has brought a pending declaratory judgment action against defendants and plaintiff in Nassau County seeking a judgment declaring that it has no obligation to defend or indemnify defendants. Meanwhile, in an order dated March 30, 2000, this court issued an order awarding plaintiff summary judgment on the issue of liability against defendants and directing plaintiff to file a note of issue for a trial on damages on or before April 28, 2000.
. Plaintiff now moves to amend his complaint so as to assert a separate claim against State Farm alleging that he is covered as an insured under the State Farm policy’s uninsured motorist provision. Although plaintiff has failed to submit a copy of the State Farm policy backing up this novel claim, he does quote from two separate clauses within the policy. In particular, under part C, section B (2) of the policy, an “insured” is defined as “any other person occupying your covered auto.” Under section C (4) (a) of the policy, an uninsured motor vehicle is defined as “a vehicle to which bodily injury, liability bond or policy applies at the time of the accident but the bonding or insuring company denies coverage.” Cobbling together these two clauses, plaintiff reasons that he is covered under the policy’s uninsured automobile provision given the fact that he was occupying the vehicle at the time of the accident and that State Farm disclaimed coverage vis-á-vis Mann and Lieberman.
Generally speaking, leave to amend a pleading should be freely granted in the absence of prejudice or surprise to the opposing parties (see, CPLR 3025 [b]; Sarro v Sarro, 238 AD2d 330). However, if the proposed amendment is “ ‘patently lacking in merit,’ ” leave to amend should be denied as a matter of law (Parisi v Leppard, 237 AD2d 419, 420).
*791 In the instant case, plaintiffs proposed claim against State Farm is patently lacking in merit. Specifically, despite plaintiffs failure to submit a copy of the subject policy, it is clear that a vehicle insured under the State Farm policy cannot itself qualify as an uninsured auto for coverage purposes based upon State Farm’s own disclaimer of coverage. Indeed, were the court to countenance such an interpretation of the policy, there would be no reason why defendants could not assert similar claims in a back-door attempt to secure coverage under the policy.
In any event, it is well-settled law that “even where common facts exist, it is prejudicial to insurers ‘to have the issue of insurance coverage tried before the jury that considers the underlying liability claims’” (Medick v Millers Livestock Mkt., 248 AD2d 864, 865, quoting Schorr Bros. Dev. Corp. v Continental Ins. Co., 174 AD2d 722; see also, Kelly v Yannotti, 4 NY2d 603). Thus, even if plaintiffs claim against State Farm was viable, it would be improper to allow him to add this cause of action to the present complaint as the issue of damages and the issue of plaintiffs entitlement to coverage under the State Farm policy must remain separate.
Accordingly, plaintiffs motion for an order permitting him to amend the complaint and for an extension of his time to file a note of issue is denied.