JUSTICE GRAY,
dissenting.
¶67 I dissent from the Court’s opinion. We resolved the dispositive issue in this case, whether failure to warn claims — pleaded in negligence, strict liability and breach of express warranty — are preempted by FIFRA, a scant three years ago in McAlpine, holding such claims are preempted to the extent they expressly or implicitly challenge the *19 adequacy of the warnings in a pesticide’s label. I would hold that McAlpine is controlling and affirm the District Court.
¶68 Stare decisis, which means to abide by or adhere to decided cases, is of fundamental and central importance to the rule of law. State v. Gatts (1996), 279 Mont. 42, 51, 928 P.2d 114, 119 (citations omitted). It is a “ ‘fundamental doctrine which reflects our concerns for stability, predictability and equal treatment....’ ” Gatts, 279 Mont. at 51, 928 P.2d at 119 (quoting Formicove, Inc. v. Burlington Northern, Inc. (1983), 207 Mont. 189, 194, 673 P.2d 469, 472). The doctrine is meant to keep courts from lightly overruling past decisions, in order to heed the necessity for stability and predictability in the law. See Gatts, 279 Mont. at 51, 928 P.2d at 119 (citing Morayne v. States Marine Lines (1970), 398 U.S. 375, 403, 90 S.Ct. 1772, 1789, 26 L.Ed.2d 339, 358). At the same time, stare decisis is not a mechanical adherence to the latest decision and, of course, court decisions are not sacrosanct. Gatts, 279 Mont. at 51, 928 P.2d at 119 (citation omitted). A decision which is manifestly wrong need not be followed. Gatts, 279 Mont. at 51, 928 P.2d at 119 (citation omitted). It is my view that, in overruling McAlpine, the Court is merely substituting a result it finds •preferable to that announced in our well-reasoned McAlpine decision. The Court makes no showing of manifest incorrectness here and, indeed, neither the EPA’s amicus brief in Etcheverry -nor the United States Supreme Court’s decision in Medtronic provides án appropriate basis on which to resolve the present case by overruling McAlpine.
¶69 Starting with the U.S. Department of Justice’s brief on behalf of EPA in the recent California Etcheverry case, I would give it no deference. This is not an internal policy or regulatory statement of the EPA regarding its administration of FIFRA of the type to which courts give deference. It is a brief prepared for litigation, part of the government’s litigation strategy. Moreover, as the California Supreme Court observed,
[e]ven though the question presented in this case has been addressed by nine of the federal circuit courts of appeals, the United States failed to file amicus curiae briefs in any of the cases and permitted those courts to proceed upon a fundamental assumption that it now characterizes as mistaken.
Etcheverry, 993 P.2d at 374. In addition, the matter on which the EPA rests its contention that FIFRA does not preempt failure to warn claims relates to its waiver of review of pesticide efficacy claims. As was the situation'in Etcheverry, however, the case before us does not *20 relate to pesticide efficacy, that is, whether the pesticide will control the target pest(s). See Etcheverry, 993 P.2d at 374. The case before us involves the indoor application of Dursban without ventilation. Thus, as in Etcheverry, the EPA’s argument is irrelevant to the case before us. See Etcheverry, 993 P.2d at 375. Under these circumstances, the Court’s decision to give this johnny-come-lately litigation brief significant weight is a perilously slim basis on which to premise overruling our well-reasoned decision in McAlpine.
¶70 Nor do I find Medtronic either useful or persuasive here and this no doubt explains why it was not called to our attention in McAlpine. As the Court notes several times, the portion of Medtronic on which it relies is a four-Justice plurality, clearly not controlling authority even if the MDA and FIFRA contained more similar preemption language. Indeed, it is my view, as it was the view of the California Supreme Court in Etcheverry, that Medtronic is distinguishable on the basis that Congress gave the Food and Drug Administration a unique role in determining the scope of preemption under the MDA. Congress did not give the EPA an analogous role in implementing FIFRA. See Etcheverry, 993 P.2d at 373 (citations omitted).
¶71 I would hold that Medtronic does not undermine our conclusion in McAlpine that FIFRA preempts state failure to warn claims. In doing so, I would join the overwhelming majority of courts which have examined the question in the wake of Medtronic. See, e.g., Grenier v. Vermont Log Bldgs., Inc. (1st Cir. 1996), 96 F.3d 559; Oliver v. Reckitt & Colman, Inc. (M.D. Fla. 1998), 12 F.Supp.2d 1287; Hawkins v. Leslie’s Poolmart (D. N. J. 1997), 965 F.Supp. 566; Kuiper v. American Cyanamid Co. (E.D. Wis. 1997), 960 F.Supp. 1378; Koch v. Shell Oil Co. (D. Kan. 1997), 173 F.R.D. 288; Etcheverry, 993 P.2d at 373; Ackerman v. American Cyanamid Co. (Iowa 1998), 586 N.W.2d 208; Ackles v. Luttrell (Neb. 1997), 561 N.W.2d 573, cert. denied, 522 U.S. 928, 118 S.Ct. 329, 139 L.Ed.2d 255 (1997); Didier v. Drexel Chemical Co. (Wash. App. 1997), 938 P.2d 364; Lewis v. American Cyanamid Co. (N.J. 1998), 715 A.2d 967; Sherman v. Claire Mfg. Co. (N.Y. App. Div. 1997), 657 N.Y.S.2d 453.
¶72 In my view, no showing has been made that McAlpine is “manifestly wrong.” See Gatts, 279 Mont. at 51, 928 P.2d at 119. Therefore, I would apply stare decisis here, reaffirm McAlpine and affirm the District Court. I dissent from the Court’s failure to do so.