■ TRAVELERS PROPERTY CASUALTY, as Subrogee of NAMES IN THE NEWS, Respondent, v ANGELA POWELL, Appellant, and MARK A. McEWAN, Respondent. [735 NYS2d 208] —In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the defendant Angela Powell appeals from (1) an order of the Supreme Court, Westchester County (DiBlasi, J.), entered March 13, 2001, which denied her motion, in effect, for

leave to renew and reargue a decision of the same court dated June 28, 2000, and (2) so much of an order of the same court, dated May 7, 2001, as denied her cross motion for leave to amend her answer to include an affirmative defense of lack of permissive use.

Ordered that the appeal from the order dated March 13, 2001, is dismissed, as no appeal lies from an order denying a motion for leave to reargue (*see, Munz v LaGuardia Hosp.,* 109 AD2d 731) and no appeal lies from an order denying leave to renew a decision (*see, DeFalco v JRS Confectionary,* 118 AD2d 752); and it is further,

Ordered that the order dated May 7, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Mark A. McEwan.

Although leave to amend a pleading "shall be freely given" in the absence of surprise or prejudice (*see,* CPLR 3025 [b]; *Henderson v Gulati,* 270 AD2d 308), the determination as to whether to grant such leave is within the court's discretion, and the exercise of that discretion will not be lightly disturbed (*see, Capstone Enters. v County of Westchester,* 272 AD2d 427; *Pogue v Del Rosario,* 266 AD2d 525; *Gross, Shuman, Brizdle & Gilfillan v Bayger,* 256 AD2d 1187). The defendant Angela Powell did not advise the Supreme Court that she wished to raise an affirmative defense which had not been pleaded in her answer until the day that jury selection was scheduled to commence, and did not cross-move for leave to amend her answer until the scheduled trial was adjourned. Powell failed to adequately demonstrate why she could not have sought this relief at an earlier point in the litigation. Considering these circumstances, as well as the prejudice to the plaintiff and to the defendant Mark A. McEwan, the Supreme Court providently exercised its discretion in denying Powell's cross motion (*see, Capstone Enters. v County of Westchester, supra; Pogue v Del Rosario, supra; Gross, Shuman, Brizdle & Gilfillan, Bayger, supra*). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.