■ KRISTEN SAYERS, Appellant, v ORESTE ALBICOCCO, Respondent. [748 NYS2d 696] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Alpert, J.), dated December 5, 2001, as, inter alia, granted that branch of the defendant's motion which was for leave to amend his answer to include the affirmative defense that the intentional tort claims in the complaint are barred by the statute of limitations.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that leave to amend a pleading is freely

given provided no prejudice or surprise is attributable to the delay (*see Fahey v County of Ontario*, 44 NY2d 934; *Henderson v Gulati*, 270 AD2d 308). Furthermore, the determination of such an application is committed to the broad discretion of the trial court, whose holding will not be overturned lightly (*see Herrick v Second Cuthouse*, 64 NY2d 692; *Skinner v Scobbo*, 221 AD2d 334, 335). This liberal policy favoring leave to amend has been applied to defenses that are waived when omitted from initial pleadings, like the statute of limitations defense at issue here (*see e.g. Fahey v County of Ontario, supra*; *Henderson v Gulati, supra*; *Hickey v Hutton*, 182 AD2d 801).

The Supreme Court providently exercised its discretion in granting those branches of the defendant's motion which were for leave to amend his answer to include the affirmative defense that the intentional tort claims in the complaint are barred by the statute of limitations, and to dismiss those portions of the complaint. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.