■ UNIVERSAL EXPRESS, INC., Appellant, v DAN MCKINNON, Respondent. [828 NYS2d 906]—

In an action to recover damages for breach of contract and fraudulent inducement, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), entered November 1, 2005, which granted the defendant's motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion

for summary judgment. The defendant established his entitlement to judgment as a matter of law on the cause of action to recover damages for breach of contract through the deposition testimony of the certified public accountant retained by the plaintiff and a copy of the stock option agreement between the parties (hereinafter the agreement) demonstrating that the defendant complied with the plaintiff's requests for documentation to conduct its due diligence in accordance with the agreement (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The defendant also established, prima facie, through his affidavit, that he did not fraudulently induce the plaintiff to enter into the agreement. In opposition, the plaintiff failed to raise a triable issue of fact.

Contrary to the plaintiff's contention, the motion for summary judgment was not premature since the plaintiff failed to show that the discovery it sought would lead to relevant evidence that would raise a triable issue of fact (*see Schatz v St. Paul Fire & Mar. Ins. Co.*, 269 AD2d 380 [2000]; *Parisi v Leppard*, 237 AD2d 419, 420 [1997]; *Carrington v City of New York*, 201 AD2d 525, 527 [1994]). Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.