■ ROMAN LOIEK, Respondent, v 1133 FIFTH AVENUE CORP. et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. NE & WS, INC., Third-Party Defendant-Respondent. [848 NYS2d 333]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs, 1133 Fifth Avenue Corp., Kean Development Co., Inc., "Jane" Gleacher, and Eric Gleacher, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated May 17, 2006, as granted that branch of the cross motion of the third-party defendant, NE & WS, Inc., which was for summary judg-

ment dismissing the complaint insofar as asserted against it, denied that branch of their cross motion which was for summary judgment on their third-party cause of action for contractual indemnification, and, upon searching the record, awarded summary judgment in favor of the third-party defendant, NE & WS, Inc., dismissing their third party complaint.

Ordered that the appeals by the defendants third-party plaintiffs "Jane" Gleacher and Eric Gleacher are dismissed, as academic; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants third-party plaintiffs 1133 Fifth Avenue Corp. and Kean Development Co., Inc.; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant.

The defendant third-party plaintiff 1133 Fifth Avenue Corp. (hereinafter 1133), which was a cooperative housing corporation that owned a building in which a construction project was taking place, and the defendant third-party plaintiff Kean Development Co., Inc. (hereinafter Kean), which was the general contractor for that project, contend that the cross motion of the third-party defendant, NE & WS, Inc. (hereinafter NE & WS), which was a subcontractor for the project, was premature. However, 1133 and Kean failed to offer an evidentiary basis to show that further discovery might have led to relevant evidence, or that facts essential to oppose NE & WS's motion were exclusively within NE & WS's knowledge and control (*see Arpi v New York City Tr. Auth.*, 42 AD3d 478, 479 [2007]; *Universal Express, Inc. v McKinnon*, 37 AD3d 705, 706 [2007]).

The Supreme Court properly searched the record and awarded summary judgment to NE & WS dismissing the third-party cause of action of 1133 and Kean for contractual indemnification. By its plain terms, the indemnification provision at issue would be triggered only in the event of a finding that the plaintiff's injuries arose out of, or resulted from, the performance of NE & WS's work under the subcontract. However, the court, which properly awarded NE & WS summary judgment dismissing, inter alia, the plaintiff's common-law negligence and Labor Law § 200 claims insofar as asserted against it, correctly concluded, in essence, that the record showed, as a matter of law, that the plaintiff's injuries did not arise out of, or result from, the performance of NE & WS's work under the subcontract (*cf. Moss v McDonald's Corp.*, 34 AD3d 656 [2006]). Furthermore, the evidence before the court conclusively established that Kean, which affirmatively undertook the responsibility for safeguarding the opening in the floor through

which the plaintiff fell, was not free from negligence, and thus, could not enforce the provision (see General Obligations Law § 5-322.1; Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178-181 [1990]; Damiani v Federated Dept. Stores, Inc., 23 AD3d 329, 331 [2005]).

The remaining contentions of 1133 and Kean are without merit.

The appeals by the defendants third-party plaintiffs "Jane" Gleacher and Eric Gleacher must be dismissed as academic in light of the fact that the complaint has been dismissed insofar as asserted against them. Miller, J.P., Ritter, Skelos and Covello, JJ., concur.