■ John C. Ricchezza, Appellant, v Metropolitan Transportation Authority et al., Respondents. [914 NYS2d 903]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered March 3, 2010, as granted that branch of the defendants' motion which was pursuant to CPLR 3025 (b) for leave to amend the answer to add the defense of statute of limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, "defenses waived under CPLR 3211 (e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025 (b) so long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay" (*Endicott Johnson Corp. v Konik Indus.*, 249 AD2d 744, 744 [1998]; *see Complete Mgt., Inc. v Rubenstein*, 74 AD3d 722, 723 [2010]; *Ingrami v Rovner*, 45 AD3d 806, 808 [2007]; *Nunez v Mousouras*, 21 AD3d 355, 356 [2005]). Here, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for leave to amend the answer to add a statute of limitations defense. The plaintiff failed to demonstrate any prejudice or surprise resulting from the delay between the service of the answer and the instant motion for leave to serve an amended answer (*see* CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]; *Fahey v County of Ontario*, 44 NY2d 934, 935 [1978]; *Sindle v New York City Tr. Auth.*, 33 NY2d 293, 296-297 [1973]; *Sayers v Albicocco*, 298 AD2d 572, 573 [2002]; *Henderson v Gulati*, 270 AD2d 308, 309 [2000]; *Hickey v Hutton*, 182 AD2d 801, 802 [1992]). Furthermore, the evidence submitted in support of the motion indicated that the proposed amendment was neither palpably insufficient nor patently devoid of merit (*see Hines v City of New York*, 43 AD3d 869 [2007]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.