■ ALFRED E. MELCHIORRE, Respondent, v BONNIE L. MEL-CHIORRE, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from a judgment of the Supreme Court, Nassau County (Wager, J.), entered March 4, 1987, which upon granting the plaintiff husband's motion for summary judgment, is in favor of the plaintiff and against her.

Ordered that the judgment is affirmed, with costs.

The plaintiff husband and the defendant wife were married on June 28, 1978, in Nassau County. When the childless marriage foundered, the husband and wife retained separate counsel, who negotiated on each of the parties' behalf for at least six months. On January 24, 1984, the parties executed a separation agreement pursuant to which the wife received virtually all of the couple's personalty, one half the proceeds of the sale of the marital residence (approximately $30,000),

and a distributive award of $31,200 payable over a period of two years representing her share of the husband's interest in a beauty salon business for which she had worked as bookkeeper, automobile insurance for one year, health insurance for six months, $1,000 for attorney's fees, and various tax benefits. The wife waived maintenance payments. Both parties acknowledged that the agreement represented the entire understanding between them, that they had entered into it willingly and with full knowledge of all pertinent facts likely to influence their judgment, and that the agreement merged with any and all prior ones. The wife further signed a letter to her own attorney indicating her awareness that she would not be able to ask for additional moneys from her husband beyond what was provided for in the separation agreement. She also acknowledged her familiarity with her husband's business assets, obtained from her experience as his bookkeeper.

When the husband sued for a divorce in February 1986 based upon the separation agreement, the wife counterclaimed for divorce on the ground of abandonment and for rescission of the separation agreement on the ground that her husband had induced her to execute the agreement by orally promising to continue to support her so long as she "remained unmarried and was not living with another man". The husband moved for summary judgment, which was granted.

On appeal, the wife alleges that the fact that she understood the separation agreement did not mean that she had not been fraudulently induced to enter into it. She maintains that issues of fact exist regarding her fraud in the inducement claim, asserts that evidence of the husband's oral promises is competent and admissible, notwithstanding the provisions to the contrary in the separation agreement, and argues that the separation agreement should be declared void because of its manifestly unfair provisions, particularly with respect to her allegedly fraudulently induced waiver of maintenance and limited equitable distribution award.

We disagree, and note that the Supreme Court quite properly analyzed and decided this matter. A separation agreement that is fair on its face is ordinarily binding on the parties and will not be disturbed (*Christian v Christian*, 42 NY2d 63). As the Supreme Court noted, and as the wife acknowledges, during the six months or more that the agreement was being negotiated, she was represented by competent counsel who drafted and revised the document, and she was fully aware of the terms of the agreement prior to signing it, including the provision that no representations or warranties

outside of the writing were being relied upon by either party. She further admits that she was informed by counsel that oral promises were not enforceable, thereby conceding that, as a matter of law, she could not have been relying upon representations which she knew to be invalid, and which, in any event, contradicted the plain language of the separation agreement. Finally, we note that the husband began making payments under the terms of the separation agreement in June 1983 before it was executed, and had fully performed all of his obligations under it by June 1985. The wife's claims of fraud were not made until March 1986 after the husband sued for divorce and some 2 years and 9 months after she had accepted the benefits of the agreement. Having acquiesced in its benefits for so long, the wife waived her right to belatedly challenge the agreement (see, Bettino v Bettino, 112 AD2d 181). We further note that on its face the agreement is eminently fair to the wife. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.