■ Rose A. Richmond, Appellant, v Lee G. Richmond, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County

(Gowan, J.), dated September 8, 1986, which, *inter alia,* after a nonjury trial, directed a partial distribution of marital property, and awarded her $125 per week maintenance for five years.

Ordered that the order is modified, on the law and the facts, by (1) adding thereto (a) a provision that the defendant husband's severance pay and lump-sum pension payment from New York Airways constitutes marital property, and (b) a provision that a personal injury settlement award is separate property, and (2) deleting therefrom the provision awarding the plaintiff the sum of $125 per week maintenance for five years; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and determination with respect to assessing the percentage of the personal injury settlement award attributable to the plaintiff's loss of consortium, unless the parties are able to stipulate with respect to the percentage of the final settlement attributable to that claim, and for a recomputation of the plaintiff's maintenance award in light of our finding that the defendant's lump-sum pension payment and severance pay constitute assets subject to equitable distribution; and, in the interim, the defendant shall pay the sum of $125 per week to the plaintiff as maintenance.

In September 1986 the court granted a divorce to the plaintiff, finding that the defendant had abandoned her in 1981 after an over 20-year marriage. The defendant had been a helicopter pilot who was totally disabled as the result of an accident that occurred in 1979 at Newark Airport. The plaintiff wife, a registered nurse, had been an assistant professor of nursing at the State University of New York at Stony Brook. The issues on this appeal deal with the court's distribution of marital property and with its award of maintenance.

In 1980, the parties brought an action in the United States District Court for the Eastern District of New York to recover damages for the defendant's injuries and for loss of services to the plaintiff. A structured settlement was reached providing a lump-sum payment of $245,000 and a $20,000-per-year annuity, compounded at 8% each year for the remainder of the defendant's life. The settlement agreement was silent as to the allocation of moneys awarded for the personal injury cause of action and the plaintiff's cause of action for loss of services.

The plaintiff, who had become aware of the defendant's

extramarital romantic involvement with a nurse's aid at Brunswick Hospital in Amityville, New York, during his long convalescence following his accident, alleged that the defendant, in order to induce her to sign the settlement agreement, falsely promised her that he would no longer see his paramour, that they would share equally in the proceeds of the settlement, and that they would purchase property in Florida for their retirement. In reliance on the aforesaid promises, the plaintiff claimed that she had resigned from her teaching position, but that shortly after she signed the agreement and endorsed the settlement check, the defendant left the marital residence. In view of changing requirements, she claimed that it would be necessary to obtain a PhD in nursing education as a prerequisite to regaining her former teaching position.

In modifying the order of the Supreme Court, we note that the defendant's severance pay and lump-sum pension payment from New York Airways constitute marital property and must be added to the assets designated as such for equitable distribution. Trial courts do not have the discretion to refuse to distribute such property (see, Harrell v Harrell, 120 AD2d 565, 566).

The settlement award emanating from the personal injury action commenced by the parties in Federal District Court is separate property (see, Domestic Relations Law § 236 [B] [1] [d] [2]; [5] [a]; Ettinger v Ettinger, 107 Misc 2d 675). It is, however, partially separate property of the plaintiff and partially separate property of the defendant, since both were named plaintiffs in the suit which resulted in the settlement. Since the settlement was silent with respect to the allocation of the proceeds between the defendant's cause of action for personal injuries and the plaintiff's derivative cause of action, the trial court must conduct a hearing with a view towards making a determination respecting that allocation unless the parties are able to arrive at a stipulation with respect thereto. That the parties separated almost immediately after the signing of the agreement is of no moment with respect to the moneys due the plaintiff. Although the award was calculated upon the premise that the parties would remain united, the fact that they are no longer together in no way gives the defendant the right to the plaintiff's share. Allowing the defendant the proceeds of the entire settlement would result in his unjust enrichment. Accordingly, an attempt to arrive at an allocation between the causes of action must be made.

In awarding maintenance the court must consider a party's need therefor (see, Kover v Kover, 29 NY2d 408; Phillips v

*Phillips,* 1 AD2d 393). In view of the modification of the order appealed from, it will be necessary for the trial court to reassess the plaintiff's need and recompute the amount of her maintenance award and the duration thereof.

We find the plaintiff's further contentions to be without merit. Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.