(June 26, 1989)

■ MICHELLE AMESTOY, Respondent, v PIERRE AMESTOY, Appellant.—In an action, *inter alia,* to rescind a portion of a separation agreement, the defendant husband appeals from an order of the Supreme Court, Queens County (Joy, J.), dated March 10, 1988, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint is dismissed.

The parties herein were married in 1967, and had one child who was born in 1968. On January 8, 1981, the parties entered into a separation agreement which provided, *inter alia,* for child support of $125 per week, and the payment of $100,000 to the plaintiff. The defendant also agreed to pay for all medically related expenses, and for the private schooling of the child. The defendant retained the marital residence in Corona, New York, and a parcel of land in France. Each party retained sole ownership of his or her own businesses.

On or about January 5, 1987, the plaintiff commenced the instant action seeking to set aside the economic provisions of the agreement. Her complaint alleged that she was induced to sign the agreement due to overreaching by the defendant. The defendant's motion for summary judgment dismissing the complaint was denied by the Supreme Court, Queens County, on the ground that there were triable issues of fact. We disagree.

A separation agreement that is fair on its face is ordinarily binding on the parties and will not be disturbed (see, Christian v Christian, 42 NY2d 63). Here, the agreement appears to be fair on its face. The plaintiff's assertions as to the values of the parties' real property are unsupported by any evidentiary proof; she offered no proof as to the value of the parties' businesses nor as to their incomes. In short, she offered nothing of substance, other than her own conclusory allegations, which would indicate that the agreement was unfair or unjust. While relief from a separation agreement may be granted upon a showing of good cause, courts may not intervene and redesign or vacate an agreement simply because "judicial wisdom in retrospect would view one or more of the specific provisions as improvident or one-sided" (Christian v Christian, supra, at 72).

Similarly, the plaintiff's allegations that the attorney she consulted on the day the agreement was signed was somehow in collusion with the defendant are also couched in only the most conclusory terms. In fact, the record shows that the attorney provided her with sound legal advice, to wit, that he could not fully advise her as to her rights until he had the opportunity to obtain appraisals of the parties' holdings. Despite this advice, the plaintiff, an experienced businesswoman, elected to proceed without an attorney and to sign the agreement. It should also be noted in this regard that the plaintiff had been shown a copy of the proposed agreement a few weeks before it was signed and thus had ample opportunity to retain a different attorney if she had so desired (see, Juliani v Juliani, 143 AD2d 72; Paruch v Paruch, 140 AD2d 418; Imor v Imor, 119 AD2d 913).

In any event, having acquiesced in the agreement and accepted all its benefits thereunder for a period of nearly six years, the plaintiff must be deemed to have ratified it (see, Beutel v Beutel, 55 NY2d 957; Melchiorre v Melchiorre, 142 AD2d 558; DeGuire v DeGuire, 125 AD2d 360; Bettino v Bettino, 112 AD2d 181). Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.