(June 29, 1992)

■ Asha Chauhan, Respondent, v Sunder S. Thakur, Appellant.—In an action for a conversion divorce and ancillary relief, the defendant husband appeals from a judgment of the Supreme Court, Westchester County (Charde, J.H.O.), dated March 26, 1990, which, *inter alia,* after a nonjury trial, granted the plaintiff wife $12,500 in arrears of child support and $10,000 in counsel fees and expenses.

Ordered that the judgment is affirmed, with costs.

The plaintiff wife instituted the instant action seeking, *inter alia,* a conversion divorce based upon a separation agreement

dated May 2, 1987. The defendant claimed that the agreement was unfair and the product of the plaintiff's overreaching. Although the plaintiff was herself an attorney, the defendant adamantly refused to retain legal representation during the time the agreement was negotiated and executed.

Following a nonjury trial, the Supreme Court specifically found portions of the defendant's testimony "wholly incredible", and accepted "the plaintiff's version of the facts as being the more credible version". The court concluded that the agreement was fair and that the defendant was fully aware of the facts and legal ramifications of the agreement. Accordingly, it rejected the defendant's claims of overreaching by the plaintiff and awarded the plaintiff, *inter alia,* a judgment of divorce. We affirm.

It is elementary that the courts must scrutinize separation agreements for evidence of fraud or overreaching *(see, Christian v Christian,* 42 NY2d 63, 71-73). Overreaching, however, is not proven simply by showing that the party seeking to invalidate the agreement was not represented by counsel when the agreement was executed *(see, Juliani v Juliani,* 143 AD2d 72, 74). In this instance, the defendant, a well-educated engineer with a doctorate from Columbia University in operations research, made a conscious decision to forego legal representation in negotiating the agreement. Thus, the defendant's purported ignorance of his legal rights was the result of his own free will. Moreover, the defendant's claim of ignorance is belied by his extensive handwritten revisions on the numerous drafts of the separation agreement. In addition, the defendant has offered nothing other than his own conclusory allegations to indicate that the agreement was unfair *(see, Amestoy v Amestoy,* 151 AD2d 709, 710). Therefore, we find that the agreement is binding on the parties *(see, Christian v Christian, supra; Melchiorre v Melchiorre,* 142 AD2d 558).

The defendant's remaining contentions regarding the calculation of child support arrears and counsel fees are either not properly before this court *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757, 758), or without merit *(see, De Cabrera v Cabrera-Rosete,* 70 NY2d 879, 881). Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.