■ FRANK TIRRITO, JR., Appellant, v ARLENE TIRRITO, Respondent. [595 NYS2d 786] —In a matrimonial action in which the parties were divorced by judgment dated January 8, 1990, the plaintiff husband appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered November 19, 1990, which denied his motion to set aside a stipulation of settlement of the parties dated November 17, 1989, and to vacate an income execution on the ground that a mistake of fact exists with respect to the income execution.

Ordered that the order is affirmed, with costs.

Courts will strictly scrutinize separation agreements to ensure that they are free from fraud and duress, and will look at the terms of the agreement to see if there is even an inference of overreaching in its execution *(see, Christian v Christian,* 42 NY2d 63, 71-73). In determining whether a separation agreement was freely and fairly entered into, the fact that the complaining party was not represented by counsel is a significant factor to be taken into consideration, but that fact, in itself, does not establish overreaching *(see, Chauhan v Thakur,* 184 AD2d 744; *Amestoy v Amestoy,* 151 AD2d 709, 710). Although the plaintiff claims that he is only a "lay individual", "one who signs a written agreement is conclusively bound by the terms" absent a showing of fraud, duress or some other wrongful act *(see, Juliani v Juliani,* 143 AD2d 72, 74; *J.R.S. v P.J.S.,* 155 AD2d 323, 325).

The plaintiff does not deny that he read the agreement, although he did so only once in the defendant's attorney's

office. The plaintiff was completely satisfied with the agreement and met all his obligations thereunder until the defendant settled a medical malpractice action to which the plaintiff was a party plaintiff.

The plaintiff's allegations that the defendant fraudulently failed to disclose that a settlement of the malpractice action was imminent is not supported by the record. In any event, any moneys which the defendant received in settlement of her pending action constituted separate property not subject to equitable distribution (see, Domestic Relations Law § 236 [B] [1] [d] [2]; *Samaritano v Samaritano*, 172 AD2d 817; *Richmond v Richmond*, 144 AD2d 549, 551). Moreover, inasmuch as the plaintiff admits that he did in fact sign a stipulation giving him a portion of the settlement sum, the trial court was not required to conduct a hearing to determine a proper allocation of those funds (see, *Richmond v Richmond, supra,* at 551).

The plaintiff's conclusory allegations do not establish that the settlement agreement was unfair (see, *Christian v Christian, supra; Chauhan v Thakur, supra; Melchiorre v Melchiorre*, 142 AD2d 558, 559). Therefore, the settlement agreement was binding upon the parties.

Furthermore, the Supreme Court properly refused to vacate the income execution on the ground that a mistake of fact existed. It is clear that courts will strictly enforce the 15-day time frame in which to challenge an income execution (see, *Baum v Baum*, 147 Misc 2d 454; *Tolson v Tolson*, 138 Misc 2d 1032), unless, under the particular circumstances of the case, the judgment debtor's due process rights are implicated (see, *Reynders v Reynders*, 155 AD2d 987; *Cramer v Cramer*, 140 AD2d 990). Here, although the plaintiff and his employer were simultaneously served with the income execution in violation of the notice provision of CPLR 5241 (c) (4), the plaintiff failed to raise a "mistake-of-fact" claim of error within the 15 days of the date of service, as he was required to do so under CPLR 5241 (c) (4). In any event, by admitting that the child support payments he made preceding the service of the income execution were only "partial", the plaintiff negated the possibility that he made "an * * * error in the amount of current support" under CPLR 5241 (a) (8). Therefore, the Supreme Court's refusal to hold a hearing was entirely proper, and the plaintiff's due process rights were not violated. Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.