■ LOUISE K. WARREN, Appellant, v MARC RABINOWITZ, Respondent. [644 NYS2d 315] 

On December 14, 1993, after approximately one and one-half years of marriage, the parties executed a separation agreement. A judgment of divorce incorporating, but not merging, the separation agreement was entered on December 23, 1993. The plaintiff commenced the instant action on March 23, 1994, seeking to modify or rescind the separation agreement on the grounds that she was not represented by independent counsel at the time the agreement was executed and that the terms of the agreement were unfair and unconscionable. The Supreme Court granted the defendant's motion for summary judgment and dismissed the plaintiff's complaint.

The fact that the plaintiff was not represented by independent counsel when the separation agreement was executed does not, without more, establish overreaching or require automatic nullification of the agreement *(see, Levine v Levine,* 56 NY2d 42, 48; *Tirrito v Tirrito,* 191 AD2d 686; *Chauhan v Thakur,* 184 AD2d 744). Furthermore, there was no evidence, other than the plaintiff's conclusory assertions, to support her

claim of diminished physical or mental capacity at the time the separation agreement was executed *(see, Nasifoglu v Nasifoglu,* 224 AD2d 504; *Weinstock v Weinstock,* 167 AD2d 394).

It is well settled that a separation agreement fair on its face will be enforced according to its terms unless fraud, overreaching, or unconscionability is shown *(see, Torsiello v Torsiello,* 188 AD2d 523; *Ruxton v Ruxton,* 181 AD2d 876; *Stoerchle v Stoerchle,* 101 AD2d 831). Such an agreement will not be overturned merely because it was improvident, not the most advantageous to the dissatisfied party, or because a party had a change of heart *(see, Amestoy v Amestoy,* 151 AD2d 709; *Sontag v Sontag,* 114 AD2d 892). A review of the terms of the instant agreement does not reveal any overreaching in its execution *(see, Christian v Christian,* 42 NY2d 63, 73). Thus, the separation agreement will not be set aside merely because the plaintiff, or her parents, had a change of heart and believed that the terms of the agreement were not in her best interests *(see, Amestoy v Amestoy, supra,* at 710). Miller, J. P., Ritter, Krausman and McGinity, JJ., concur.