**SHEILA MARIA CONNOR, Plaintiff**
**vs.**
**MATTHEW HENRY CONNOR, Defendant**

Family No. ST-08-DI-141

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

December 12, 2011

PEDRO K. WILLIAMS, ESQ., Law Offices of Pedro K. Williams, St. Thomas, USVI, *Attorney for the Plaintiff.*

FRANCIS E. JACKSON, JR., ESQ., Law Offices of Francis E. Jackson, Jr., St. Thomas, USVI, *Attorney for the Defendant.*

THOMAS, *Judge*

## MEMORANDUM OPINION

### (December 12, 2011)

Before the Court are the Motion and the Supplemental Motion filed by the Defendant Matthew Henry Connor on June 25, 2010 and July 9, 2010, respectively, pursuant to FED. R. CIV. P. 60(b), to set aside the parties' Divorce and Property Settlement Agreement dated August 15, 2008, specifically as it relates to the disposition of the parties' marital homestead located at 303B Hospital Ground, Hillside Village Condominiums, Unit B212 in St. Thomas, U.S. Virgin Islands. On July 16, 2010, the Plaintiff Sheila Maria Connor filed an Opposition to the Motion to set aside the Settlement Agreement, countering the Defendant's claims that the paragraph pertaining to the disposition of the marital homestead is unconscionable and that his signature on the Settlement Agreement was induced by fraud, mistake and surprise. The matter came on for an evidentiary hearing on December 2, 2010 and the Plaintiff, who was represented by Amos W. Carty, Jr., Esq., did not appear. The Defendant appeared and was represented by Francis E. Jackson, Jr., Esq. The Court heard sworn testimony from the Defendant and oral arguments from the attorneys.

The Plaintiff and the Defendant entered into a Settlement Agreement on August 15, 2008 which was incorporated and merged into their Decree of Divorce dated December 5, 2008. Paragraph 4 of the Settlement Agreement provides in pertinent part:

> **4. Division of Real Properties:** The Parties agree that they each shall have a fifty (50%) percent interest in the marital abode located at 303B Hospital Ground, Hillside Village Condominiums, Unit B212, St. Thomas, Virgin Islands. Both parties agree that upon entry of the Divorce Decree, the Husband shall transfer by quitclaim deed his interest in the marital abode property to the Wife.

5

In addition to the Settlement Agreement, the parties simultaneously executed a Stipulation which addresses, *inter alia*, the issues of child custody, child support, alimony and pension benefits. The Stipulation is silent on the issue of the distribution of the parties' marital homestead. The Defendant signed both the Settlement Agreement and Stipulation, but now takes issue with Paragraph 4 of the Settlement Agreement in which he agreed to transfer his fifty percent (50%) interest in the marital homestead to the Plaintiff

In his Motion, the Defendant states that his understanding of Paragraph 4 of the Settlement Agreement is that he would transfer his fifty percent interest to the Plaintiff by quitclaim deed, and that she would give him the value of his fifty percent interest. The Defendant also states that the Plaintiff told him that the Settlement Agreement mirrored the terms of the Stipulation, and for that reason, he signed the Settlement Agreement. Furthermore, the Defendant contends that he did not simply agree to "give away" his fifty percent interest in the marital homestead towards which he had made mortgage payments for sixteen (16) years. The Defendant maintains that he believed that the parties' marital homestead would be distributed in an action separate from the divorce action, and that at such a time the Plaintiff would compensate him for his fifty percent interest in the home. Finally, the Defendant notes that during the divorce negotiations, he was not represented by an attorney and signed the Settlement Agreement without understanding the legal significance of Paragraph 4. He alleges fraud and misrepresentation by the Plaintiff and states that fraud, misrepresentation and also unconscionability are "buried" in the parties' Settlement Agreement. The Defendant therefore seeks relief from their Decree of Divorce dated December 5, 2008 which incorporates and merges Paragraph 4 of their Settlement Agreement, allowing for the transfer of his interest in the marital homestead to the Plaintiff.

In her Opposition to the Defendant's Motion, the Plaintiff maintains that although the Defendant agreed in the Paragraph 4 of the Settlement Agreement to transfer his interest in the martial homestead upon entry of the divorce, "[n]owhere in that section is there any mention of [P]laintiff compensating [D]efendant for his fifty percent interest in the marital abode. There was never any agreement for such compensation." Pl.'s Mot. in Opp. to Def.'s Mot. 4-5. The Plaintiff further asserts that although the Defendant did not have an attorney, he was at all times involved in the preparation of both the Stipulation and the Settlement Agreement,

6

demanding that revisions be made with respect to custody of their four (4) minor children.[1] Additionally, the Plaintiff contends that, notwithstanding the Defendant's continual payment of the mortgage, it was not unreasonable for the Defendant to agree to transfer his interest in the marital homestead to her considering that she would have physical custody of the minor children. The Plaintiff also contends that the Defendant had every opportunity to retain counsel but decided against legal representation.

The Defendant seeks relief pursuant to the Federal Rules of Civil Procedure 60(b) which provides that the Court may relieve a party or its legal representative from a final judgment, order or proceeding only for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). More specifically, the Defendant refers to Paragraph 3 of Federal Rule 60(b), which provides for relief from final judgment due to misrepresentation and fraud.

■ "A settlement agreement is a contract which is binding and enforceable." *Colon v. Gremer Dev. Co.*, 28 V.I. 83, 87 (Terr. Ct. 1993).[2] Courts favor settlements because they expedite compensation and reduce litigation costs. *Id.* A settlement agreement may be voidable on the basis of misrepresentation *only* where a party shows (1) that there was

---

[1] The parties have five (5) children but one has reached the age of majority.

[2] Pursuant to Bill No. 25-0213, on October 29, 2004, Title 4, Section 2 Virgin Islands Code was amended to change the name of the court of local jurisdiction from the Territorial Court of the Virgin Islands to the Superior Court of the Virgin Islands.

mispresentation, (2) that the misrepresentation was fraudulent or material, (3) that the misrepresentation induced the other party to enter the contract and (4) that the other party's reliance on the misrepresentation was reasonable. *Colon*, 28 V.I. at 87 (emphasis added). Fraud is the false representation of a material fact which induces a party to rely justifiably on the misrepresentation and experience harm as a result. *Fin. Trust Co. v. Citibank, N.A.*, 268 F. Supp. 2d 561, 575 (D.V.I. 2003) (citing *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992)); *In re the Marriage of Susan Hamm-Smith*, 261 Ill. App. 3d 209, 633 N.E.2d 225, 231, 198 Ill. Dec. 763 (1994). In cases where fraud is alleged, fraud must be proven by clear and convincing evidence. *Colon*, 28 V.I. at 87.

The Defendant relies on the holding in *Francois v. Francois*, 599 F.2d 1286, 16 V.I. 130 (3d Cir. 1979) to support his request for relief from Paragraph 4 of the Settlement Agreement. In *Francois*, the parties' Property Settlement and Separation Agreement was declared null and void based on the undue influence of the wife and her attorney. The *Francois* court explained that a confidential relationship existed between the parties, as husband and wife, and that the wife, as the dominant partner, exerted undue influence over her husband, who was extremely susceptible to her influence. *Id.* at 1291-1292.

In *Francois*, the husband had no knowledge of his wife's intent to divorce him and was completely surprised when he was presented with a property settlement and separation agreement to sign. After the signing of the agreement, the wife continued to mislead the husband into believing the marriage would be saved by cohabitating with her after the agreement was signed. The husband was also refused the attorney of his choice and, at his wife's persistence, was provided an attorney in the same office building as her counsel. The overriding influence of the wife and her counsel led the husband to agree to terms that were highly unreasonable. Thus, the *Francois* court found that the wife deliberately defrauded her husband, misrepresented the terms of the parties' agreement and fraudulently led her husband to believe that signing over all of his assets to her would save their marriage. *Id.* at 1293.

■ The instant case is significantly distinguishable from *Francois*. Although the Defendant testified that at the time of the execution of the Settlement Agreement, he desired to save his marriage, there is no evidence that the Plaintiff was the dominant partner in the marriage or that the Defendant was at all susceptible to her influence. Nor has he presented

8

any evidence that would lead this Court to conclude that he was surprised by the terms of the Settlement Agreement or that there was any element of mistake involved.[3] The Defendant may have acted to his detriment, but he has not demonstrated that the Plaintiff intentionally misrepresented or concealed any material fact on which he was induced to rely on Paragraph 4 to his detriment. In fact, the Defendant testified at the hearing that he had the opportunity to review the Settlement Agreement, and did so, before signing it. Nor is there any evidence that the Plaintiff led the Defendant to believe that the execution of the Settlement Agreement would help salvage the marriage.

Additionally, the Defendant seeks relief from the parties' Settlement Agreement based on his assertion that Paragraph 4 of the Settlement Agreement is unconscionable. He contends that the disposition of the marital homestead constitutes a single statement buried within a ten-page Settlement Agreement and alleges that legalese pervades the Settlement Agreement such that only a skilled attorney can understand its language. The Defendant specifically refers to the words "incorporated" and "merged" within the Settlement Agreement as legal terms that a lay person may not necessarily comprehend and points to the absence of legal representation on his behalf.[4]

■ A contract is deemed unconscionable if there exist " 'procedural abuses arising out of the contract formation or . . . substantive abuses relating to the terms of the contract.' " *Weber v. Weber*, 1999 ND 11, 589 N.W.2d 358, 361 (1999) (quoting BLACK'S LAW DICTIONARY 1524 (6th ed. 1991). In other words, unconscionability requires the presence of abuse during the creation of the agreement or within its specific terms. *Id.* (court found the settlement agreement unconscionable where the parties were married for only twenty-seven (27) days and the settlement agreement was accompanied by a quitclaim deed giving the wife ownership of a condominium worth approximately seventy thousand dollars ($70,000.00) and owned by the husband prior to the marriage). "If a contract or term thereof is unconscionable at the time the contract is

---

[3] While the Defendant states that mistake and surprise were involved in his signature of the Settlement Agreement, he does not specifically address either element.

[4] Paragraph 15 of the parties' Settlement Agreement does not use the term "incorporated" but states that the "Agreement shall *become part of or* be MERGED within the Divorce Decree." (emphasis added).

9

made, a court may refuse to enforce the contract or may enforce the remainder of the contract without the unconscionable term or may so limit the application of any unconscionable term as to avoid any unconscionable result." *Hall v. Treasure Bay Virgin Corp.*, 2009 U.S. Dist. LEXIS 18117 at *3 (D.V.I. March 9, 2009) (quoting *Alexander v. Anthony Intern., L.P.*, 341 F.3d 256, 264 (3d Cir. 2003)).

■ Before a contract may be deemed unconscionable, however, it must be found to be both procedurally and substantively unconscionable. *Hall*, 2009 U.S. Dist. LEXIS 18117, at *3. "Procedural unconscionability pertains to the process by which an agreement is reached and the form of the agreement, including the use therein of fine print and convoluted or unclear language." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999). This form of unconscionability involves contractual provisions which substantially and unexpectedly shift the risk onto the party being asked to accept its terms and is commonly found within the boilerplate language of the agreement. *Harris*, 183 F.3d at 181 (quoting *Germantown Mfg. Co. v. Rawlinson*, 341 Pa. Super. 42, 491 A.2d 138, 146 (1985)).

■ On the other hand, substantive unconscionability focuses on the harshness or one-sidedness of the agreement's provisions. *Eberle v. Eberle*, 2009 ND 107, 766 N.W.2d 477, 488 (2009). Terms of a contract are substantively unconscionable when they so unreasonably favor one party that the disfavored party does not truly assent. *Harris*, 183 F.3d at 181. In other words, an unconscionable agreement is one that no sensible, undeluded individual would make on one hand, and no honest and fair individual would accept. *Tulowitzki v. Atlantic Richfield Co.*, 396 A.2d 956, 960 (Del. 1978); *Weber*, 589 N.W.2d at 361.

■ The Defendant claims that the provision regarding the disposition of the marital homestead is "buried" within the Settlement Agreement; however, he does not point to any fine print that went unrecognized by him. All paragraphs within the Settlement Agreement begin with titles that are distinguished by bold font. Moreover, Paragraph 4 contains only two sentences, the second of which states in plain language that the Husband will transfer by quitclaim deed his interest in the parties' marital homestead to the Wife.

The Defendant, while claiming in his Motion that the parties' Settlement Agreement is unconscionable, does not address nor demonstrate the manner in which the parties' Settlement Agreement

10

unreasonably favors the Plaintiff. The terms of the Settlement Agreement provide for the parties to share legal custody of their minor children and for each parent to retain one of the two family vehicles. Both parties have also agreed to assume equal responsibility for the maintenance and support of their children when they are enrolled full-time in institutions of higher learning.

Although the parties' Settlement Agreement gives the Plaintiff the full ownership of the marital home, this arrangement is not unexpected or unreasonable where the party receiving ownership is the custodial parent. *See Langevin v. Langevin*, 187 W. Va. 585, 420 S.E.2d 576, 577 (1992) (wife entitled to child support after husband's equity in the marital home was exhausted, notwithstanding the parties' settlement agreement that, in lieu of child support, the husband would convey his one-half interest in the marital home); *see also Carlson v. Carlson*, 74 Ill. App. 3d 673, 393 N.E.2d 643, 647, 30 Ill. Dec. 607 (1979) (court upheld the parties' marital settlement agreement which provided that the husband would convey his undivided one-half interest in the marital home to the wife, who was the custodial parent).

■ Furthermore, "[a]n agreement will not be overturned merely because, in retrospect, some of its provisions were improvident or one-sided." *O'Lear v. O'Lear*, 235 A.D.2d 466, 652 N.Y.S.2d 1008 (2nd Dept. 1997) (appellate court upheld the lower court's finding of an absence of fraud, overreaching or unconscionability notwithstanding the husband's argument that the settlement agreement should be set aside because it was improvident and one-sided). In order to be overturned, an agreement or provision must be "so one-sided as to shock the court's conscience." *Sitogum Holdings, Inc. v. Ropes*, 352 N.J. Super. 555, 565, 800 A.2d 915 (Ch. Div. 2002). The Defendant and the Plaintiff negotiated and executed a clear Settlement Agreement tailored to the circumstances of both parties and their children by dividing their personal property and joint debt equally and by determining reasonable support for their children, The only provision that favors the Plaintiff is Paragraph 4 concerning the marital homestead. Paragraph 4, however, is reasonable considering the Plaintiff's role as the custodial parent.

■ Additionally, the Defendant alleges that the terms of the Settlement Agreement are unconscionable because he was not represented by counsel. The fact, however, that "parties are not represented by counsel when they sign a written agreement dividing their marital property is not,

11

by itself, sufficient justification for relief . . . ." *Kramer v. Kramer*, 2006 ND 64, 711 N.W.2d 164, 169 (2006) (clarifying that the test for the "validity of a property settlement agreement" is not whether a party would have fared better with an attorney present but whether the agreement was entered into without fraud). In the instant action, the Defendant actively took part in discussions regarding the Settlement Agreement before signing the document. In fact, the Defendant keenly asserted his position regarding his children and other matters reflected in the parties' Settlement Agreement. There is no indication that the Defendant was "incompetent to deal with [his] affairs or that [he] was misled or imposed upon . . . [by the Plaintiff]." *Fleck v. Fleck*; 337 N.W.2d 786, 790 (N.D. 1983) (denying the wife's appeal for the reason that the wife entered the parties' settlement freely and competently and was afforded the opportunity to retain counsel).

■ A court will not set aside an agreement simply because a party "had a change or heart and [believes] that the terms of the agreement were not in [his] best interest." *Warren v. Rabinowitz*, 228 A.D.2d 492, 644 N.Y.S.2d 315, 316 (2nd Dept. 1996). This Settlement Agreement "cannot be characterized as one that 'no rational, undeluded person would make, and no honest and fair person would accept.' " *Kramer*, 711 N.W.2d at 171 (quoting *Weber*, 589 N.W.2d at 358). The Settlement Agreement appears fair on its face. The Defendant's allegations are insufficient to create an inference of fraud, misrepresentation or unconscionability. *See O'Lear*, 652 N.Y.S.2d at 1008. In the absence of such proof, the parties' Settlement Agreement must stand. *Weber*, 589 N.W.2d at 361.

An Order of even date follows.