17-1804-cv
*N.Y. Life Ins. Co. v. Sahani v. Singh*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand eighteen.

PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NEW YORK LIFE INSURANCE COMPANY,
                    *Plaintiff-Counter Defendant-*
                    *Appellee*,

                    v.                              17-1804-cv

SEEMA SAHANI,
                    *Defendant-Cross Defendant-*
                    *Appellee*,

                    v.

SHUKTI SINGH, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF SANJEEV
SINGH (A/K/A/ SANJEEV CHARLES),

*Defendant-Cross Claimant-*
*Counter Claimant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-COUNTER
DEFENDANT-APPELLEE:

DEIRDRE A. CONNOLLY, d'Arcambal
Ousley & Cuyler Burk LLP, New York, New
York.

FOR DEFENDANT-CROSS
DEFENDANT-APPELLEE:

MARANDA E. FRITZ (Shaun McElhenny, *on
the brief*), Thompson Hine LLP, New York,
New York.

FOR DEFENDANT-CROSS
CLAIMANT-COUNTER
CLAIMANT-APPELLANT:

ERIC J. DINNOCENZO, Law Offices of Eric
Dinnocenzo, New York, New York.

Appeal from the United States District Court for the Eastern District of

New York (Gershon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-counter defendant-appellee New York Life Insurance Company

("NYL") filed this interpleader action to adjudicate competing claims to $1.25 million in

benefits from two life insurance policies made by the insured decedent's mother,

defendant-cross claimant-counter claimant-appellant Shukti Singh, and his ex-wife,

defendant-cross defendant-appellee Seema Sahani.  Singh appeals the district court's

June 7, 2017 judgment, entered pursuant to an order entered May 26, 2017, granting

judgment in favor of Sahani for the entire amount on deposit with the court and

dismissing all of Singh's claims with prejudice. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2001, NYL issued a $250,000 whole life insurance policy to the decedent, who designated Singh as the sole primary beneficiary. In 2007, the decedent and Sahani married. Shortly thereafter, the decedent transferred ownership of the policy to Sahani, designated Sahani as the first beneficiary, and designated Singh as the second beneficiary. In 2007, NYL also issued a $1 million term life insurance policy on decedent's life to Sahani, who was both the owner and sole primary beneficiary of the policy. The decedent signed the operative documents naming Sahani the owner of both policies. In 2013, the decedent and Sahani divorced. In 2014, the decedent died intestate. Both Singh and Sahani then made claims to NYL under both policies.

On September 30, 2014, NYL filed a statutory interpleader action naming Singh (an Indiana citizen) and Sahani (a New York citizen) as defendants pursuant to 28 U.S.C. § 1335 and sought permission to deposit the proceeds of both policies (the "interpleader fund") with the court. In her first amended answer, Singh asserted counterclaims against NYL and cross-claims against Sahani for breach of contract and violation of New York Estates, Powers and Trusts Law ("EPTL") § 5–1.4, as well as various state law cross-claims against Sahani alone. Singh noted her intent to become administrator of her son's estate (the "Estate") and sought payment of the proceeds of both policies to either Singh or the Estate.

On May 8, 2015, Singh was appointed administrator of the Estate.  On June 8, 2015, Singh moved for the Estate to intervene pursuant to Federal Rule of Civil Procedure 24 and to file a second amended answer, in which she proposed to assert claims similar to those in the amended answer but sought payment of the $1,000,000 term life policy to the Estate (and not her individually) and payment of the $250,000 whole life policy to her individually (but not the Estate).[1]

On January 12, 2016, the magistrate judge issued a Report and Recommendation ("R&R") recommending denial of Singh's motions on the grounds of futility because the claims were not cognizable or time-barred.  By order dated April 11, 2016, the district court adopted the R&R in its entirety and directed Singh to show cause why her pending counterclaims and cross-claims should not be dismissed, why death benefits should not be paid to Sahani, and why NYL should not be permitted to amend its complaint to add the Estate as a defendant.

By order dated March 7, 2017, the district court dismissed Singh's counterclaims and cross-claims against all parties and denied Singh's motions for reconsideration, to dismiss, and for abstention, rejecting Singh's argument that the court lacked subject matter jurisdiction because (1) NYL had not deposited the interpleader

---

[1]     On June 7, 2015, Singh filed a parallel suit in New York Supreme Court, Queens County, against NYL, Sahani, and three NYL insurance agents arising out of the same two policies at issue in this case.  On April 4, 2016, the state court stayed the suit pending resolution of certain motions in this action.  That stay still appears to be in place.

fund with the court, and (2) there was no minimal diversity for the $1,000,000 term life policy because the Estate and Sahani were both New York citizens.  The court also granted NYL's motion for leave to deposit the interpleader fund into the registry of the court and its motion for leave to file an amended complaint joining the Estate as an interpleader defendant.

On March 10, 2017, NYL filed its amended complaint adding the Estate as an interpleader defendant.  On March 17, 2017, NYL deposited the interpleader fund with the district court.  Singh's answer to the amended complaint largely reasserted the counterclaims and cross-claims that the district court dismissed in its March 7, 2017 order.[2]  At a conference on May 25, 2017, the district court orally dismissed Singh's counterclaims and cross-claims against NYL and Sahani with prejudice, granted NYL's motion for a discharge pursuant to 28 U.S.C. § 2361, and granted summary judgment for Sahani for death benefits in the full amount of the interpleader fund on deposit with the court.  Judgment was entered June 7, 2017.  Singh appealed.[3]

---

[2]     Singh alleged causes of action against both Sahani and NYL for:  declaratory relief, a permanent injunction, breach of contract (NYL alone), fraudulent misrepresentation, fraudulent concealment, fraudulent inducement, breach of fiduciary duty, aiding or abetting a breach of fiduciary duty (NYL alone), undue influence, duress (Sahani alone), equitable estoppel, mistake of fact, tortious interference with contract, EPTL § 5–1.4, and negligent misrepresentation.

[3]     On July 13, 2017, the district court issued an order denying Singh's motion to stay distribution of the interpleader fund pending the resolution of this appeal, but granting a limited stay pending the resolution of Singh's intended motion to this Court to stay enforcement of the judgment pursuant to Fed. R. App. P. 8(a)(2).  On July 26, 2017, Singh filed a motion to stay in this Court.  On October 31, 2017, Singh's motion was denied.

Singh argues that the district court lacked subject matter jurisdiction under 28 U.S.C. § 1335. Singh also contends that the district court erred by joining the Estate as an interpleader defendant under Rules 15 and 19 after denying intervention under Rule 24; by failing to toll the statute of limitations or apply equitable estoppel to Singh's state law claims; and by failing to apply the plain language of EPTL § 5–1.4. We reject Singh's arguments and address each in turn.

## I. Subject Matter Jurisdiction Under 28 U.S.C. § 1335(a)

In reviewing a district court's determination of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

The federal interpleader statute confers original jurisdiction on federal district courts if: (1) "[t]wo or more adverse claimants, of diverse citizenship . . . , are claiming or may claim" entitlement to "money or property of the value of $500 or more," and (2) "the plaintiff has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper . . . ." 28 U.S.C. § 1335(a). "It is well established that the interpleader statute is 'remedial and to be liberally construed,' particularly to prevent races to judgment and the unfairness of multiple and potentially conflicting obligations." *Hapag-Lloyd*

*Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 151 (2d Cir. 2016) (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967)).

The first requirement has been "uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *Tashire*, 386 U.S. at 530. As for the second requirement, courts disagree over whether deposit is a prerequisite to jurisdiction or a condition of maintaining jurisdiction. *Compare N.Y. Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 717 (E.D.N.Y. 2012) (jurisdictional requirement met where plaintiff alleges "that it has deposited or is depositing the fund with the court"), *and William Penn Life Ins. Co. of N.Y. v. Viscuso*, 569 F. Supp. 2d 355, 360 (S.D.N.Y. 2008) (deposit requirement "has been construed as a requirement of maintaining interpleader jurisdiction, rather than a prerequisite to bringing suit"), *with State Farm Life Ins. Co. v. Jonas*, 775 F.3d 867, 869 (7th Cir. 2014) (no interpleader jurisdiction where plaintiff "filed a complaint but not a check or any other financial instrument," because "§ 1335(a)(2) requires cash on the barrelhead").

Singh argues that the district court lacked subject matter jurisdiction over the $1 million term life policy under 28 U.S.C. § 1335(a) because jurisdiction could not exist until the deposit was made on March 17, 2017, at which point minimal diversity was not satisfied because all adverse claimants to that policy (the Estate and Sahani) were New York citizens. As a consequence, she contends that the district court's prior

April 12, 2016 and March 7, 2017 orders must be vacated, and that the district court should abstain from adjudicating the adverse claims to the $250,000 whole life policy.[4]

We need not resolve the question of whether deposit is a prerequisite to interpleader jursidiction, however, because even assuming that it is, we conclude that any jurisdictional defect was cured *nunc pro tunc* when NYL made its deposit on March 17, 2017, before the district court entered final judgment.

Federal courts have authority to cure an initial jurisdictional defect *nunc pro tunc*, particularly before entering final judgment. *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 329-330, 330 n.12, (2d Cir. 2001). This authority derives from "considerations of finality, efficiency, and economy," *id.* at 330 (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 (1996)), because "requiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention," *id.* (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 836 (1989)).

In this case, the district court had interpleader jurisdiction at least as of March 17, 2017, as the claimants were minimally diverse and NYL had made its deposit. The interpleader statute identifies as claimants those who "are claiming or *may* claim" entitlement to the disputed property, 28 U.S.C. § 1335(a)(1) (emphasis added), and thus

---

[4] Singh concedes that, after the deposit was made on March 17, 2017, the district court had subject matter jurisdiction over the $250,000 whole life policy under 28 U.S.C. § 1335(a).

- 8 -

interpleader jurisdiction "extends to potential, as well as actual, claims," *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 895 (9th Cir. 2012) (citation omitted); *see also Ashton v. Josephine Bay Paul & C. Michael Paul Found., Inc.*, 918 F.2d 1065, 1068 n.2 (2d Cir. 1990). Given that Singh initially asserted a claim to the $1 million term life policy, she never actually waived that claim, and "the interpleader statute is 'remedial and to be liberally construed,'" *Hapag-Lloyd*, 814 F.3d at 151 (citation omitted), we conclude that Singh was at least a potential claimant to the $1 million term life policy, notwithstanding her later litigation position representing that only the Estate (a New York citizen) was asserting claims to the policy. *See John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 953 (2d Cir. 1953) ("The stakeholder should not be obliged at its peril to determine which of two claimants has the better claim."); 7 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1707 (3d ed. Apr. 2017 Update) ("[C]ourts should not dismiss an interpleader action simply because the claims confronting plaintiff have not been asserted."). As Singh was at least a potential claimant to both policies throughout the litigation, the minimal diversity requirement was satisfied: Singh is an Indiana citizen, and Sahani and the Estate are New York citizens.

Therefore, in light of our teaching that the interpleader statute is "remedial and to be liberally construed," *Hapag-Lloyd*, 814 F.3d at 151 (citation omitted), and the finality, efficiency, and economy principles that underlie the power of federal courts to

cure jurisdictional defects, *Herrick Co.*, 251 F.3d at 330, we conclude that any jurisdictional defect that might have existed while the case was pending was cured *nunc pro tunc* once NYL made its deposit.

**II.     Denial of Singh's Motion to Intervene on Behalf of the Estate**

We review a district court's denial of a motion to intervene for abuse of discretion. *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014). The district court did not abuse its discretion by denying Singh's motion on behalf of the Estate to intervene pursuant to Rule 24 on the grounds of futility, as the Estate asserted no viable claims. *See United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 854, 858 (2d Cir. 1998) (upholding denial of intervention on grounds of futility).

We discern no error in the district court's decision to nonetheless grant NYL's motion to join the Estate as an interpleader defendant pursuant to Rule 15, Rule 19, and 28 U.S.C. § 1335. Absent joinder of the Estate as a defendant, NYL could have been left "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations," Fed. R. Civ. P. 19(a)(1)(B)(ii), and a core purpose of interpleader is to "prevent . . . the unfairness of multiple and potentially conflicting obligations," *Hapag-Lloyd*, 814 F.3d at 151. Although Singh contends that the district court's decisions were inconsistent and erroneous, they were neither: intervention and joinder serve different purposes and are evaluated by different standards.

## III.    State Law Claims

We review the district court's grant of a motion to dismiss *de novo*.

*Williams v. Priatno*, 829 F.3d 118, 121 (2d Cir. 2016).  We also review *de novo* questions of

statutory interpretation, *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006), other "legal

conclusions, including [a district court's] interpretation and application of

a statute of limitations," *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169,

173 (2d Cir. 2011), and a district court's determination that a proposed amendment is

futile, *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015).

We conclude that the district court properly dismissed Singh's claims for

fraud and tortious interference because they were barred by the applicable statutes of

limitation.[5]  The causes of action accrued in 2007, when decedent signed the operative

documents, because the alleged misconduct underlying all of Singh's claims -- that

decedent was misled into transferring and assigning ownership of the policies to Sahani

-- was readily discoverable from the face of those documents:  the 2007 change of

beneficiary forms clearly showed that Sahani was being made the new owner and

primary beneficiary.  *See Cruden v. Bank of N.Y.*, 957 F.2d 961, 973 (2d Cir. 1992) ("If the

circumstances of the alleged fraud would 'suggest to a person of ordinary intelligence

---

[5]    Singh does not discuss the dismissal of her remaining state law claims -- other than
EPTL § 5–1.4, which we discuss *infra* -- and we therefore deem waived any such additional
challenges.  *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a 'settled appellate rule
that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed
argumentation, are deemed waived.'" (citation omitted)).

the probability that he has been defrauded, a duty of inquiry arises . . . [and] knowledge of the fraud will be imputed to him.'" (quoting *Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir. 1983)). Singh did not file suit until 2014, exceeding the most generous applicable statute of limitations of six years. *See* N.Y. C.P.L.R. 213(8) (six years for fraud); *Ullmannglass v. Oneida, Ltd.*, 927 N.Y.S.2d 702, 704 (3d Dep't 2011) (three years for tortious interference).

Singh asserts that the limitations period for claims arising out of a fiduciary relationship does not accrue "until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated." *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 518 (2d Cir. 2001) (quoting *Westchester Religious Inst. v. Kamerman*, 691 N.Y.S.2d 502, 503 (1st Dep't 1999)). Even assuming Singh is correct that her claim was tolled until the decedent and Sahani divorced in 2013, it fails on the merits. Singh's theory is premised on the assertion that the decedent was deceived into signing the documents. But nothing pleaded in Singh's counter- or cross-claims supports Singh's allegation of misconduct: she does not allege that anything was said to mislead the decedent, her allegations do not suggest that NYL or Sahani knew decedent misunderstood the documents when he signed them, and by all accounts this was a genuine marriage and the decedent and Sahani remained married for some six years. Moreover, as noted above, the information Singh alleges should have been disclosed to decedent when he signed the documents was apparent from the face of the documents

themselves. "[A]n agreement will not be overturned merely because it was improvident, not the most advantageous to the dissatisfied party, or because a party had a change of heart." *Warren v. Rabinowitz*, 644 N.Y.S.2d 315, 316 (2d Dep't 1996) (declining to overturn separation agreement). We also conclude that equitable estoppel does not apply, as Singh has not established that she or decedent was induced to refrain from filing suit over the alleged initial wrongdoing based on "subsequent and specific" instances of fraud, misrepresentation, or deception by NYL or Sahani. *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006).

We also agree with the district court that EPTL § 5–1.4(a) does not apply. Under the statute, a divorce "revokes any revocable . . . disposition or appointment of property made by a divorced individual to, or for the benefit of, the former spouse," including a "beneficiary designation in a life insurance policy." N.Y. EPTL § 5-1.4(a). A "revocable" appointment requires that the "divorced individual, at the time of the divorce or annulment, was empowered, by law or under governing instrument, either alone or in conjunction with any other person who does not have a substantial adverse interest, to cancel the designation in favor of the former spouse." *Id.* § 5-1.4(f)(6). In interpreting a New York statute, we "look first to the plain language of a statute and interpret it by its ordinary, common meaning." *Elliott Assocs., L.P. v. Banco de la Nacion*, 194 F.3d 363, 371 (2d Cir. 1999) (citation omitted). By its plain meaning, EPTL § 5–1.4(a) does not apply to the situation here: the beneficiary designation was not "revocable"

because the decedent was not "empowered" to cancel it, since Sahani -- not the decedent -- was the owner of both policies at the time of divorce. For the reasons articulated by the district court and the magistrate, we reject Singh's strained interpretation of the statute.

We have considered Singh's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk